Sneed, J.,
delivered the opinion of the court:
This issue, devisavit vel non, on a paper propounded as. the will of Amos Kirkpatrick, deceased, resulted in a verdict and judgment against the will. The court erred in permitting certain witnesses to state their opinions as to the testator’s mental capacity “to make a reasonable disposition of his property.” This was a mixed question of law and fact, and the very inquiry to be determined by the jury upon the facts. With certain qualifications the opinions of that class of witnesses are received as to .the soundness or unsoundness of the testator’s mind, but the question whether the particular phase of mental unsoundness deprives a person of testamentary capacity, is a matter for the exclusive determination of the court and jury. The law places the subscribing witnesses about a testator when he is making his will, to judge of and attest his capacity. They only, therefore, may state their opinions as to¡ the sanity of testator, without giving their reasons. The physician may state his deduction, as matter of professional opinion, from facts stated by others, or observed and stated by himself. Other witnesses must state facts, and upon these facts, observed by themselves, it has grown to be a practice to permit them to give their opinion, whether upon such facts they believe the testator to be of sound or unsound mind. From the state of the testator’s mind, to be ascertained from the facts and not from opinion, the jury is to determine the questions whether the testator had capacity to make a will. The rule is briefly stated thus: The witness cannot be asked a question the answer to which involves a matter of law as well as a matter of fact — as, *260 whether the testator was capable of mailing a will. 1 Phil. Ev., 661; 1 Greenl. Ev., sec. 440; Runyan v. Price, 15 Ohio, 19; Gibson v. Gibson, 9 Yer., 333; Van Huss v. Rainboldt, 2 Cold., 139; Puryear v. Reece, 6 Cold., 29. The question before the jury is not one of mere vigor of intellect, or want of it — not one of mere mental soundness or unsoundness — but whether the state of the mind, whether sound and vigorous, or otherwise, is such as the law recognizes as capable of making a valid testament. This is not to be determined by opinions,- but by facts. After all, it may be said to be a practice of questionable propriety to permit any witness,- other than an attesting or a professional witness, to bring into the scales his private opinions, even upon facts observed and stated by him, as to the testator’s sanity. There are, confessedly, but few more delicate or difficult matters of inquiry brought before the court than these questions of testamentary capacity; and it is the common experience of lawyers who have observed the course of these litigations, that the validity of wills, in the judgment of the jury, is too often made to depend upon the opinion of some doughty citizen of influence in the vicinage, who is as often as otherwise the partisan or the clansman of one or the other party. It is not every feeble, or eccentric, or aberrant mind that may not be a sound and disposing mind in the sense of the law. Eor it may appear that at the very hour of the execution of the will there was an interval of perfect testamentary capacity. The essence of the testamentary act is the volition of a mind, whether voung and vigorous, or old and enervated, that yet has capacity to understand what it is about, to gather in all the subjects of its disposition and to remember all the objects of its gratitude and affection. “If,” says the Touchstone, “some friend of a sick man of their own heads, shall make a will, and bring it to a man in extremity of sickness and read it to him, and ask him whether this shall be his will or no, and he say yea, the testimony is very suspicious.” *261 Here, however, a court and a jury would have facts to be judged of, and not the opinions of men as a basis of judgment. But the question when and how to fix, what D’Agupean calls “the doubtful and uncertain point when reason vanishes and incapacity appears,” has baffled the skill of the most scientific men, and is certainly too grave a matter to be determined upon the mere opinion of witnesses of the class referred to. Vid., 1 Redf. (N. Y. Sur. Rep.), 118. But, yet, the practice is tolerated of allowing this class of witnesses to give their opinion as to the general question of the mental capacity of the testator, as deduced from facts observed and stated by them. But we apprehend there can be but one sound opinion as to the propriety of extending the rule so as to permit them to give to the jury their naked opinions as to the capacity of the testator to make a will.
The judgment is reversed and the cause remanded for a new trial.