BETSEY F. POOLE & others *vs.* EUGENE A. DEAN.

Bristol.    October 30, 1890. — January 7, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Deed — Mental Capacity of Grantor — Evidence — Expert.*

Upon the issue whether the grantor in a deed had sufficient mental capacity to execute it, a medical expert was asked, upon a hypothetical case based upon the evidence, whether during a period including the date of the deed the grantor had "the usual and ordinary capacity for the transaction of the business of life," or could then have had any days or hours when he possessed such capacity. *Held*, that the admission in evidence of the answers to these questions afforded no ground of exception.

WRIT OF ENTRY to recover certain undivided parts of a parcel of land in North Attleborough.

At the trial in the Superior Court, before *Hammond*, J., it appeared in evidence that one Moore, who died in 1888 seised of the parcel in question, in 1887 executed a deed thereof to the tenant. The demandants, who were certain of the heirs at law of Moore, contended that he was not of sufficient mental capacity to execute the deed, and introduced evidence tending to show that his mind was impaired, and that at times he did not understand what he was doing. Doctor Brown, called as a witness by the demandants, and admitted to be an expert on the subject of insanity, was asked, upon a hypothetical case based upon the evidence respecting Moore's mental condition, " Would such a man, in your judgment, Doctor, have the usual and ordinary capacity for the transaction of the business of life ? " This question, against the tenant's objection, was allowed to be answered, and the witness replied, " I should think not." The demandants then asked the same witness the following question : " Would you consider, in the case I have cited, that that man during the last year or two of his life could have any days or hours when he had the usual and ordinary capacity for doing business ? " This question was also allowed to be answered, against the tenant's objection, and the witness replied, " I should say not."

The jury returned a verdict for the demandants; and the tenant alleged exceptions.

*S. M. Thomas*, for the tenant.

*J. E. Pond*, for the demandants.

KNOWLTON, J. The only exceptions relied on by the tenant are to the admission in evidence of the answers of Dr. Brown to the last two questions set out in the bill. The competency of the witness as an expert is not in dispute, and no objection is made to the form of the questions.

The witness was called upon to give his opinion as to the mental condition of Moore in regard to his capacity for the transaction of business, and this involved merely his judgment as an expert upon matters within his field of investigation. The standard which he was asked to use in expressing his opinion was "the usual and ordinary capacity for doing business." This was a standard familiar to everybody, and none could have been chosen more likely to be well understood both by the witness and the jury. In describing Moore's mental condition in this particular, some form of words was necessary to convey the meaning of the witness, and if none had been suggested by the question, he would have been obliged to select some standard, supposed to be familiar, with which to compare it. If he had chosen the simplest words of description, like " good " or " bad," the inquiry would have come in the last analysis, What is meant by " good " or " bad "? Such a term would have been less likely to be definitely understood than the expression contained in the question, and we see nothing objectionable in the method adopted to make the answer intelligible.

The inquiry did not involve any question of law for the consideration of the witness, nor did it require him directly to express an opinion as to the capacity of Moore to do the specific act in controversy, and thus to put himself in the place of the jury. Any expression of opinion which will aid a jury in such a case necessarily involves the consideration of questions which are similar to that in issue, and sometimes of those which include it. But that alone does not render the evidence incompetent, if the witness is not permitted to express opinions upon evidence, and if the questions are so framed as to confine him to a statement of his conclusions as an expert, and not to submit to him the

precise issue which is presented to the jury.   Indeed, we are not prepared to say, if everything else is eliminated except that upon which the witness is competent to give an opinion, that a question becomes incompetent merely because it calls for an answer to the remaining part of the question to be answered by the jury.   See *Hunt* v. *Lowell Gas Light Co.* 8 Allen, 169; *May* v. *Bradlee*, 127 Mass. 414; *Rex* v. *Wright*, Russ. & Ry. 456; *Farrell* v. *Brennan*, 32 Misso. 328.      *Exceptions overruled.*