WILLIAM WALKER'S (dependent's) CASE.

Suffolk.    October 20, 1922. — December 1, 1922.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Proximate cause. Proximate Cause.

In a proceeding under the workmen's compensation act, a finding by the Industrial Accident Board that the death of an employee was caused by an injury received when he fell into an elevator well was warranted by testimony of an impartial physician "that such a fall as the deceased had may have been and with a certain probability was a contributory cause to his death occurring from hemothorax and aneurysm of the aorta," an examination of the testimony showing that a reasonable man might adopt the opinion of the impartial physician and find a causal connection between the injury and death.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board, with accompanying papers, in substance that the death of William Walker, while in the employ of Mabel S. McCreary, doing business as Hotel Dunbar in Boston, was caused by an injury received by him while in the course of and arising out of his employment, and awarding compensation to his widow.

In the Superior Court, the case was heard by *Keating,* J., by whose order a decree was entered that the personal injury received by the employee "arose out of and in the course of his employment and accelerated a pre-existing condition to such an extent as to bring about the death of the employee sooner than it otherwise

would have occurred; that the fall and injury . . . influenced adversely the aneurysm of the aorta from which the employee died;" and compensation was awarded. The insurer appealed.

*L. J. MacNab*, for the insurer.

*J. H. Drew*, for the claimant.

PIERCE, J. The deceased, while employed as an elevator operator, on September 20, 1919, on opening the door to an elevator well fell down the well seven feet below the first floor by reason of the fact that some one had taken the elevator away from that floor. An examination at his home disclosed a dislocation or fracture of the right shoulder. He was taken to the City Hospital where he remained five days and then returned to his home. He was unable to work when he returned from the hospital or at any time before his death on August 13, 1921.

The Industrial Accident Board on review accepted and adopted the rulings and findings of the board member, and found that the personal injury received by the employee on September 20, 1919, arose out of and in the course of his employment, that the injury received "accelerated a pre-existing condition to such an extent as to bring about the death of the employee sooner than it otherwise would have occurred," that the "fall and injury of September 20, 1919, influenced adversely the aneurysm of the aorta from which the employee died on August 13, 1921; and that the widow of the employee is entitled to compensation."

The only question presented on appeal by the insurer from a decree of the Superior Court, entered in accordance with the finding of the Industrial Accident Board, St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14 (see now G. L. c. 152, § 11), is whether there is any reasonable evidence to support the finding of the Industrial Accident Board that there is a causal connection between the injury and death of the employee. *Pigeon's Case*, 216 Mass. 51.

We think the testimony of the impartial physician, "that such a fall as the deceased had may have been and with a certain probability was a contributory cause to his death occurring from hemothorax and aneurysm of the aorta," is not obnoxious to the criticism of the insurer that it expresses the guess, the fancy, the conjecture and the imagination of the witness, but is the cautious declaration of an opinion which is based upon disputed and dis-

putable facts and conclusions of fact. A careful examination of all the testimony leads to the conclusion that a reasonable man might adopt the opinion of the impartial physician and find a causal connection between the injury and death. In such case the finding of the Industrial Accident Board must stand. *Pass's Case,* 232 Mass. 515. *Chisholm's Case,* 238 Mass. 412, 419.

*Decree affirmed.*