EDWARD J. KAYE *vs.* CHEEVER NEWHALL.

Norfolk. November 2, 1971. — January 3, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Evidence,* Of impotency; Opinion: expert.

At the trial of an action by a husband for loss of consortium and criminal conversation, it was on the record error to exclude a psychiatrist's answer to a hypothetical question, based on the husband's hospital record and the husband's testimony of his impotence, that the husband's condition was medically "impotency" and that both the fact that the husband found his wife committing adultery and her abandonment of him had a causal relationship to his impotence, even though the psychiatrist had never met or talked with him. |702–704|

TORT. Writ in the Superior Court dated May 27, 1965. A second trial of the action was before *Roy*, J.

*Bernard A. Dwork* for the plaintiff.

*Donald N. Sweeney* for the the defendant.

BRAUCHER, J. This is an action of tort for loss of consortium and for criminal conversation. The defendant's exceptions were sustained by this court after jury verdicts

for the plaintiff in the amount of $45,000. *Kaye* v. *Newhall,*
356 Mass. 300. Upon retrial the jury returned verdicts for
the plaintiff in the amount of $2,500, and the case is now
before us on the plaintiff's exceptions. The material evi-
dence summarized in our prior opinion was in large part
identical to that in the second trial, and need not be re-
peated here except so far as is necessary to the discussion of
the exceptions before us.

1. The plaintiff claims that the defendant's conduct ren-
dered him impotent. At the first trial he so testified, but
"produced no medical evidence to substantiate his claim
of impotency or to show that the alleged impotency was
caused by the defendant's conduct." We said, "Medical
evidence of the plaintiff's impotency was required," and
held. "that it was prejudicial error to admit the plaintiff's
testimony on impotency and to refuse to instruct the jury
to disregard it." *Kaye* v. *Newhall, supra,* at 303.

At the second trial the plaintiff again testified to his im-
potency, and offered the testimony of a psychiatrist. The
defendant did not question the qualifications of the doctor
as an expert witness, but moved for a voir dire hearing on
the ground that the doctor had never examined or met the
plaintiff. After such a hearing the judge accepted the doc-
tor's testimony on voir dire as an offer of proof, ruled that
the testimony did not establish the medical evidence re-
quired, excluded the testimony, and allowed a motion to
strike the plaintiff's testimony relating to impotency. The
plaintiff excepted to these rulings.

On voir dire the judge admitted in evidence a portion of
a hospital record showing psychiatric consultation on Feb-
ruary 6, 1964. The doctor, who had been a full time mem-
ber of the staff of the same hospital since before 1964, testi-
fied in response to a hypothetical question based on the
hospital record and the plaintiff's testimony that the plain-
tiff's condition was a medically defined condition called "im-
potency," and that, with reasonable medical certainty,
both the husband finding his wife committing adultery with
her lover and the abandonment of him by his wife had a
causal relationship to this impotency. The doctor also

testified that he had never met the plaintiff, talked with him, or made a physical examination of him, that the opinion that the plaintiff was impotent rested on the plaintiff's "sole story," and that except in rare cases such as paraplegia, impotency would not in the ordinary practice of medicine be shown physically. He further testified that he could not state that there was no possibility of a cause of impotency other than psychological.

In excluding the doctor's testimony, the judge said that he would assume that this court in its prior opinion contemplated "some medical evidence that is based on something more than acceptance of a subjective complaint on the part of the plaintiff." He was "not persuaded by . . . [the doctor's] statement that there aren't some physical tests of impotency."

We think the judge was in error. We said, "The issue involved matters of a highly technical nature," and we disapproved its submission to the jury "solely on the testimony of the plaintiff" as an invitation "to indulge in sheer speculation." *Kaye* v. *Newhall, supra,* at 303, quoting *Ramsland* v. *Shaw,* 341 Mass. 56, 61. The doctor's testimony, if believed, provided a medical basis for a finding which would not be speculative. *Walker's Case,* 243 Mass. 224, 225–226. *Murphy's Case,* 328 Mass. 301, 304. Compare *Milch* v. *Boston Consol. Gas Co.* 341 Mass. 230, 233; *Bearse* v. *Fowler,* 347 Mass. 179, 181–182. Although the jury were not required to believe the doctor's testimony, exclusion because the judge disbelieved it would be an invasion of the province of the jury. The suggestion of physical tests by the judge seems to have been entirely speculative, and it was contrary to the only evidence of ordinary medical practice which was before him.

There is no requirement that an expert witness have personal knowledge of the facts on which his opinion is based. *Marangian* v. *Apelian,* 286 Mass. 429, 436–437. A doctor may give an opinion on a medical issue without having examined or treated the patient. *Commonwealth* v. *Mullins,* 2 Allen, 295, 296–297. *Poole* v. *Dean,* 152 Mass. 589. *Barr* v. *Warren,* 299 Mass. 60, 63. Nor is there, as

the defendant seems to suggest, any requirement that the doctor who treated or examined a patient be produced or his absence explained before another doctor can be allowed to testify. *McGeorge* v. *Grand Realty Trust, Inc.* 316 Mass. 373, 377–378. *Horowitz* v. *Bokron*, 337 Mass. 739, 743–744. *Thornton* v. *First Natl. Stores, Inc.* 340 Mass. 222, 226. Compare *Grady* v. *Collins Transp. Co. Inc.* 341 Mass. 502, 509. In the present case the plaintiff testified to his own potency before the critical events of December, 1963, and his former wife corroborated his testimony. In this situation there was no need for medical evidence to exclude the possibility that the plaintiff was a paraplegic or some other type of what the doctor called "rare cases of impotence related to medical things." See *Woronka* v. *Sewall*, 320 Mass. 362, 365. The plaintiff's exceptions must be sustained.

2. The plaintiff's other exceptions also relate to damages. They raise issues which are not sharply defined and which are not likely to arise in the same way upon a retrial, and we do not pass on them.

3. Two juries have rendered verdicts for the plaintiff. After the first trial, an exception relating to liability was sustained, but there is no such exception before us with respect to the second trial. As the liability of the defendant has been established and as the only error relates to the matter of damages, a new trial is to be confined to that issue. G. L. c. 231, § 132. *Simmons* v. *Fish*, 210 Mass. 563, 567. *Gray* v. *Tobin*, 259 Mass. 113, 117.

*Exceptions sustained.*