GINO M. FUSARO *vs.* PAUL BLAKELY & another.[1]

No. 94-P-1119.

Worcester. November 15, 1995. - March 5, 1996.

Present: DREBEN, GILLERMAN, & FLANNERY, JJ.

*Emotional Distress. Workers' Compensation Act,* Emotional distress, Exclusivity provision. *Civil Rights,* Damages, Attorney's fees.

A claim by a State university employee for intentional infliction of emotional distress brought against two members of the university's police force arising out of a police investigation into criminal activity, was barred by the exclusivity provisions of the Workers' Compensation Act, G. L. c. 152, § 24, where the defendants had been acting in the course of their employment and in furtherance of the employer's business. [123-124]

In the circumstances of a civil action in which the jury awarded nominal damages on civil rights claims and substantial damages for a claim of intentional infliction of emotional distress that was dismissed on appeal as barred by the Workers' Compensation Act, the plaintiff was entitled to have his damages, including attorney's fees, reconsidered in the context of the civil rights claims, where the appellate correction of the error regarding the emotional distress claim could lead to an injustice on the civil rights claims. [124-125]

CIVIL ACTION commenced in the Superior Court Department on August 15, 1990.

The case was tried before *Maria I. Lopez,* J., and motions for reconsideration and to vacate judgment were heard by her.

*Peter M. Michelson* for the defendants.

*Harold Resnic* for the plaintiff.

GILLERMAN, J. The defendants appeal from judgments against them on claims for State and Federal civil rights violations and intentional infliction of emotional distress,

---

[1]Angel Rosario. The defendants were members of the police force of the University of Massachusetts Medical Center.

arguing, among other things, that the trial judge should not have allowed a motion to amend the complaint to add the intentional infliction of emotional distress claim. On cross appeal, the plaintiff argues that incorrect principles were applied in determining the award of attorney's fees. We reverse in part and remand for a new trial.

On the eve of trial, the following counts remained of the plaintiff's original complaint: slander, false imprisonment, State civil rights claim (G. L. c. 12, § 11I), and Federal civil rights claim (42 U.S.C. § 1983 [1988]).[2] On the morning of the trial, the plaintiff filed a motion to amend the complaint to add a count for "reckless infliction of emotional distress." The parties appear to agree that the judge took the motion under advisement.

At the conclusion of his evidence, the plaintiff renewed his motion to amend the complaint to add a count for "intentional infliction of emotional distress," which the judge allowed. After hearing all the evidence, the jury returned the following verdicts: for the defendants on defamation and false imprisonment; $1,000 against each defendant for violation of the State Civil Rights Act; $1,000 against each of the defendants for violation of the Federal Civil Rights Act; and $114,000 against each of the defendants for intentional infliction of emotional distress.[3] Judgments entered accordingly on December 20, 1993.

On December 30, 1993, the defendants filed a motion for reconsideration of the allowance of the plaintiff's motion to amend the complaint to add a new count, and a motion to vacate judgment, both of which were denied. The defendants filed a timely notice of appeal from the judgments and the denial of their postjudgment motions. Meanwhile, on December 27, 1993, the plaintiff filed a motion to alter or amend the judgment, apparently seeking an award of attorney's fees based on the jury award of damages on the civil rights claims. That motion was denied on January 24, 1994. The following entry, dated January 24, 1994, appears on the docket: "Pleading, plaintiff's application for an award of at-

---

[2]The other counts were either waived or dismissed prior to the trial.

[3]Although the plaintiff's written motion to amend sought to add a count for "reckless" infliction of emotional distress, the parties and the judge consistently referred to the claim as one for "intentional" infliction of emotional distress. We also refer to it as intentional infliction of emotional distress.

torney's fees and costs, returned to [plaintiff's counsel]. Reason: must be filed by way of motion, under Rule 9a." On February 2, 1994, the plaintiff filed a motion for reconsideration of the denial of his motion to alter or amend the judgment to include an award of attorney's fees. On May 25, 1994, the judge made the following ruling on the plaintiff's motion for reconsideration: "Plaintiff only nominally succeeded on its [*sic*] civil rights claims . . . I will thus award nominal attorney's fees and costs in the amount of $500.00." The plaintiff filed a timely notice of appeal from the ruling on his motion for reconsideration, which is the subject of his cross appeal.

We recite the facts in some detail. The plaintiff worked at the University of Massachusetts Medical Center (Medical Center) as a pharmacy technician. One of his duties was to deliver medication to the patients in the wards. At some point in 1990, the defendants, as members of the Medical Center's police force, began an investigation into possible drug dealing in the Medical Center by assigning an undercover police officer to perform surveillance duty in the hospital wards. The undercover officer reported that he saw the plaintiff have several long conversations with a patient named Valerie, who was the main suspect in the drug dealing operation the defendants were investigating.

On March 5, 1990, Blakely and Rosario decided to interview the plaintiff. They told the plaintiff's supervisors about their investigation and that they wanted to speak with the plaintiff. The plaintiff was summoned to the pharmacy, where he was told by Blakely and Rosario that they wanted to talk with him. He went with them to the police station, located on the Medical Center's property, just a short walk from the pharmacy. He was not placed under arrest and he was not handcuffed.

The plaintiff testified that during the interview at the police station, the defendants told him that if he did not confess to participating in drug-related activity at the Medical Center, they would have him fired from his job at the pharmacy. They also told him that Blakely knew lots of people outside the Medical Center and that Blakely would arrange to have someone plant drugs in his car and then have him arrested. According to the plaintiff, Rosario conducted a search of his clothes and his body, as well as a search of his car, all of

which turned up nothing. In addition, Blakely threatened to get a warrant from the district attorney to arrest the plaintiff. The plaintiff testified that he was scared, intimidated, and threatened during the interview with the defendants, which lasted approximately forty-five minutes. The plaintiff was never charged with any crimes.

Prior to this incident, the plaintiff suffered from an "anxiety problem," for which he was being treated by a psychiatrist, and was taking medication. At the time of the March 5 interview with the defendants, he was functioning normally. After the March 5 interview, the plaintiff began to feel sick again, and he stopped work in the beginning of April. The plaintiff has not returned to work since that time and is still under psychiatric care and taking medication.

The defendants argue that G. L. c. 152, § 24, barred the plaintiff from bringing this action for intentional infliction of emotional distress. "Traditionally, the statutory bar to a common law claim under the workers' compensation act is treated as a lack of subject matter jurisdiction." *O'Dea* v. *J.A.L., Inc.,* 30 Mass. App. Ct. 449, 451 n.4 (1991), citing *Foley* v. *Polaroid Corp.,* 381 Mass. 545, 548 (1980). "[A] court's lack of subject matter jurisdiction is a nonwaivable issue that can be raised by either party at any point in the proceedings." *Shea* v. *Neponset River Marine & Sportfishing, Inc.,* 14 Mass. App. Ct. 121, 129 (1982). Thus, the defendants argue, the judge should have allowed their motion for reconsideration of the allowance of the plaintiff's motion to amend the complaint to add a count for intentional infliction of emotional distress and their motion to vacate judgment. The underlying question is whether the plaintiff's claim for intentional infliction of emotional distress was barred by the Workers' Compensation Act. We think it was. "A claim against a fellow worker for the commission of an intentional tort will be barred by the exclusivity clause of the Workers' Compensation Act, G. L. c. 152, § 24, if committed within the course of the worker's employment and in furtherance of the employer's interest. *O'Connell* v. *Chasdi,* 400 Mass. 686, 690-691 (1987)." *Catalano* v. *First Essex Sav. Bank,* 37 Mass. App. Ct. 377, 381-382 (1994).

In the present case, the defendants were acting in the course of their employment and in furtherance of the Medical Center's interest when they undertook an investigation of

possible drug dealing within the Medical Center and interviewed the plaintiff in connection with that investigation. However distorted the defendants' understanding of the proper performance of their duties may have been, we cannot say that they were acting outside the scope of their employment. The result we reach is controlled by such cases as *Anzalone* v. *Massachusetts Bay Transp. Authy.*, 403 Mass. 119, 122-125 (1988); *Foley* v. *Polaroid Corp.*, 381 Mass. at 550; and *Tenedios* v. *Wm. Filene's Sons Co.*, 20 Mass. App. Ct. 252, 255 (1985). Compare *O'Connell* v. *Chasdi*, 400 Mass. 686, 687-688, 690-691 (1987).

Since we conclude that the trial court did not have jurisdiction over the plaintiff's claim of intentional infliction of emotional distress, the judgment for the plaintiff, awarding him damages on this claim, is vacated and the claim dismissed. In light of our disposition on this issue, we do not reach the other issues raised by the defendants, i.e., whether the judge erred in allowing the plaintiff's motion to amend the complaint to add the emotional distress claim because it was untimely and whether there was substantial evidence to support the jury verdict for the plaintiff on that claim.

At this point in our discussion, the jury's finding on count VIII that the plaintiff was injured as a result of the intentional infliction of emotional distress and that such injuries amounted to $228,000 must fail, while the jury's verdict for violation of Federal and State Civil Rights Acts will survive, but with damages of $2,000 against each defendant. While $2,000 is, as the defendants argue, more than nominal, considered in the context of the award of $114,000 against each defendant on the infliction of emotional distress claim, the award of $2,000 is only slightly more than nominal. The question is whether the jury would have awarded merely $2,000 on the civil rights claims had it known that any award under count VIII would necessarily fail.

The question is important because the correction of the error regarding count VIII might lead to an injustice on the civil rights claims. See *Pilos* v. *First Natl. Stores Inc.*, 319 Mass. 475, 479 (1946). In *Pilos*, the jury rendered a verdict of $1.00 on counts I and III and $500 on count II. The court held that the defendant's motion for a directed verdict in its favor on count II should have been granted because of the narrowness of the wording of the count in the complaint.

Since the verdict could have stood on the third count, and since the defendant attacked the verdict on the second count, the defendant "necessarily laid open to revision the verdict on the third count in order that the correction of one error might not lead to the possibility of an injustice at least as great." *Id.* at 479. A retrial on both the second and third counts was ordered.

Here, as in *Pilos*, the judge plainly intended to submit to the jury the question of the defendants' liability for the coercive, intimidating, and threatening conduct by agents of the defendant, and the jury's verdict could have stood on the civil rights claims, see, e.g., *Langton* v. *Secretary of Pub. Safety*, 37 Mass. App. Ct. 15, 16-20 (1994). Thus, as in *Pilos*, 319 Mass. at 479, "[t]he case went astray" when the jury awarded substantial damages on the defective count VIII rather than upon the civil rights counts, and the case "should be . . . set straight." See also *Squeri* v. *McCarrick*, 32 Mass. App. Ct. 203, 204 (1992). The most likely explanation for the disparate awards was the jury's understanding of the applicable law — derived, no doubt, from the judge's charge that duplicative damages were not to be awarded on the plaintiff's various counts. That understanding was entirely consistent with our decisional law. See *Calimlim* v. *Foreign Car Center, Inc.*, 392 Mass. 228, 236 (1984); *Szalla* v. *Locke*, 421 Mass. 448, 454 (1995).

Since count VIII must be dismissed, carrying with it the dismissal of the award of $114,000 as to each defendant, the plaintiff is entitled to have his damages (which were not differentiated as to the various theories of recovery) considered in the context of his Federal and State civil rights claims.[4]

Therefore, there must be a new trial to determine the amount of damages to be awarded on counts II and VII, the State and Federal civil rights claims. See G. L. c. 231, § 132; *Kaye* v. *Newhall*, 360 Mass. 701, 704 (1972) (as liability had been established, new trial limited to issue of damages). See also *Colangeli* v. *Construction Serv. Co.*, 353 Mass. 527, 531 (1968); *Green* v. *Richmond*, 369 Mass. 47, 61 (1975).

---

[4]At the retrial, the judge should instruct the jury that duplicative damages are not to be awarded on the counts and that if damages are awarded as against each defendant, the aggregate of the two awards may not exceed the plaintiff's actual damages.

Accordingly, the judgments entered for the plaintiff on count VIII are reversed, and a judgment is to enter dismissing count VIII. The judgments entered for the plaintiff on counts II and VII, the State and Federal civil rights claims, are vacated as to the amount of damages, and counts II and VII are remanded for retrial on the issue of damages. The award of attorney's fees is vacated and the matter is remanded for reconsideration, following retrial.[5]

*So ordered.*

---

[5]The judge should be guided in awarding legal fees by such cases as *Deary* v. *Gloucester*, 9 F.3d 191, 197-198 (1st Cir. 1993), and *Wilcox* v. *Reno*, 42 F.3d 550, 553-555 (9th Cir. 1994).