Fremont-Smith, J.
In this case, the plaintiff, Gino M. Fusaro, alleged that police officers employed by the University of Massachusetts had violated his civil rights under 42 U.S.C. §1983 and M.G.L.c. 12, §11. The case was first tried in December 1993 following which there was a verdict for the plaintiff in the sum of $232,000 before additional interest or costs. The Appeals Court then reversed and remanded the case for new trial on the issue of damages. Fusaro v. Blakely, et al, 40 Mass.App.Ct. 120 (1996). The case *201 was retried on August 5-7, 1996, following which the juiy returned a verdict for the plaintiff in the amount of $500,000, which with interest, amounted to approximately $858,000, for which judgment was entered on August 13, 1996. Plaintiff moved for an award of attorney fees on October 17, 1996.
In opposing the motion, defendant first argues that an award of attorney fees should be reduced by the amount of plaintiffs attorney’s lien for attorney fees in plaintiffs separate proceeding before the Industrial Accident Board for Workers Compensation, pursuant to which he recovered $159,323.46. Defendant argues that since plaintiffs counsel is entitled to payment out of that award equal to his recovery ($53,107.82), the Court’s attorney fee award to plaintiff in this case should be reduced by that amount. There is no basis for such a reduction, however, in either legal precedent or in logic. Midwest Coast Transport, Inc., 400 Mass. 779 (1987), is entirely dissimilar and inapposite to the case at bar. No other precedent has been cited to the Court. Nor is there any logical reason why the award of an attorney fee to the plaintiff in this case should be reduced by the amount of any attorney fee paid to the plaintiffs attorney in regard to the separate Workers Compensation proceedings. The fact that the amount the plaintiff received in Workers Compensation payments will have to be repaid to the workers compensation carrier may well be germane to the amount of attorney fee which plaintiff is obligated to pay to his attorney, under their private fee arrangement, but is not germane to the amount of attorney fees which the court should award to the plaintiff pursuant to the above statutes.[1] That amount is to be governed by the well-established principles of law which delineate the considerations the Court is to entertain in awarding such fee.
Other obi ections to the fee award are more substantial.
After the conclusion of the first trial, plaintiffs attorney filed an application for attorney fees which did not specify the amount of fees he was seeking. He then filed directly with the clerk an “Application for Attorneys Fees" which the clerk declined to accept because it was not filed as a Rule 9A motion. Plaintiff then filed a motion for reconsideration of his motion for attorney fees, and the Court denied the motion, but awarded him nominal attorney fees and costs of $500. In reversing the verdict of the first trial, the Appeals Court ordered that “the award of attorney fees is vacated and the matter is remanded for reconsideration, following retrial,” stating in a footnote that “the judge should be guided in awarding legal fees by such cases as Deary v. Gloucester, 9 F3rd. 191, 197-98 (1st Cir. 1993), and Wilcox v. Reno, 42 F3d. 550, 553-55 (9th Cir. 1994).” It is thus clear that this court, in awarding attorney fees, is to include attorney’s time and expenses reasonably incurred in the course of the first trial to the extent appropriate.
As stated in Wilcox v. City of Reno, supra, this Court is required to consider the relationship between the extent of success and the amount of the fee award. Since the requested fee award covers both the first and second trials, and the first trial was only 50% successful, in that liability was established but that damages were not, the Court concludes that a reduction by 50% of the amount of plaintiffs time charges expended on the first trial and the appeal (i.e., of the time expended prior to March 5, 1996, when the case was remanded) is proper.
The Court is also hampered in its analysis by the paucity of information provided. Other than an affidavit of Resnic providing some general information, the Court was furnished only a “statement of attorney fees and costs regarding Gino M. Fusaro” which lists, in the left-hand column, the date of each service, in the middle, under “item,” a brief description of the service, and in the in the right-hand column, the number of hours. Only occasionally is the attorney identified who did the actual item of work described, and on page 21 of the summary it is indicated that of the total hours, 285.25 were for work of Harold I. Resnic, 60.8 hours for work of Stephen D. Resnic (his son and an associate attorney in his office) and 180.75 hours for unidentified “staff.” Another difficulty is that, although page one of the application describes Harold I. Resnic’s hourly rate as $175 per hour and Stephen Resnic’s hourly rate as $150 per hour, no information or affidavits are provided with regard to the experience of any attorney other than Harold I. Resnic, or as to the customary and usual hourly rates charged by attorneys with similar experience, other than Resnic, in the Worcester area, where they are located. Similarly, there is no explanation with regard to the $75 per hour for the 185 hours expended by “office staff,” or as to the experience of each, or even the number of hours expended by each such staff member. Thus, the Court has not been provided with the necessary tools to evaluate any of the $13,875 of time charges claimed for Resnic’s office staff.
In spite of the above deficiencies, the Court will award 50% of the time identified as being spent by Harold I. Resnic and Stephen Resnic prior to March 5, 1996, but will disallow the balance of the unspecified and unattributed “staff time. Thus, the Court will award, for the period to and including March 5, 1996, one-half the claimed 200 hours time of Harold I. Resnic at $175 per hour (a total of $35,000 for his time), plus 22.5 hours of Stephen Resnic’s time at $150 per hour (a total of $3,375 for his time) i.e., one half the grand total of $38,375 for such attorney fees for the period up to and including March 5, 1996, or $19,487.50. The Court concludes that, in spite of the lack of detail provided, a fee award in that amount for the first trial is within the parameters of what is fair and reasonable, in view of the complexity of the issues and the result achieved before the juiy and the Appeals Court.
Since March 5, 1996, Harold I. Resnic expended 88.4 hours at $175 per hour, for a total of $15,470 *202 while Stephen Resnic spent 38.5 hours at $ 150 per hour for a total of $5,775, or a total of $21,245 of time charges on the second trial. In view of the successful result achieved, an award in this amount is fair and reasonable, in spite of the above-noted deficiencies in proof. When added to one half of the $38,975 of time charges of the first trial, or $19,487.50, this results in a total time charge award of $40,732.50, which is certainly reasonable in view of the time and effort obviously required over the course of two trials, the partially successful appeal and the ultimate result achieved.[2]
With respect to the bill of costs, the Court agrees with defendants’ objections to the medical reports and deposition time of Mark R. Thall, M.D., ($900), which was not used in this case. The Court also agrees that there is insufficient itemization for reimbursement of the following: “out-of-pocket expenses” ($857.12 and $45.06), “Exchange Research” ($100.00) and “Lawyers Weekly opinions” ($33.93). Nor is the un-itemized “office expense of $2,570.02" shown to be a proper charge to the litigation. Similarly, the expert witness fee for Dr. John Andrulis is not a proper chargeable cost ($531). Accordingly, plaintiffs application for costs in the sum of $8,206.22 shall be reduced by the sum of the above, namely $5,037.13. Accordingly, fees are awarded in the sum of the balance of the requested fees, or $3,169.09.
ORDER
Accordingly, it is ORDERED that defendant shall pay to the plaintiff, within thirty (30) days of the receipt of this order, the sum of $40,732.50 in attorney fees plus $3,169.09 in costs, for a total of $43,901.59.

It is customary for contingent fee agreements to require a percentage of total recovery (of which any fee award to the plaintiff would comprise one part) to be paid to the plaintiffs attorney.

 As noted above, this attorney fees award is made to the plaintiff. The portion of the award which ultimately is paid to plaintiffs attorney will depend, of course, upon the private fee agreement between the plaintiff and his attorney.