Tuttman, Kathe M., J.
This action arises out of a dispute between the plaintiff, Linda Cancellieri (Can-cellieri), and defendant Northeast Hospital Corp. (NHC), her employer, related to promises defendant Paula Cronin (Cronin), Cancellieri’s supervisor at NHC, allegedly made to her regarding the terms of her employment at NHC. In her complaint, Cancellieri alleges promissory estoppel, intentional infliction of emotional distress, and intentional interference with contractual/advantageous business relations against both defendants. Cronin now moves to dismiss Count II of Cancellieri’s complaint pursuant to Mass.R.Civ.P. 12(b)(6) on the basis that the intentional infliction of emotional distress claim is barred by the exclusivity provisions of the Workers’ Compensation Act (WCA). G.L.c. 152, §24. After hearing, and for the reasons set forth below, the defendant’s motion is ALLOWED.

Background

Cancellieri’s complaint sets forth the following facts. Cancellieri began working at NHC in the Labor and Delivery Unit at Beverly Hospital as a staff nurse in 1991. In addition to obstetrics, Cancellieri worked in pre-admission testing and surgical services concurrently. She also taught childbirth education classes and eventually became the manager for the Childbirth Education and Lactation Departments. From October 2000 to May 2005, Cancellieri was the Perinatal Program Manager, and reported directly to Cronin, the Director of Maternity Child Health Services at NHC. In May 2005, Cronin asked her to assume the role of Nurse Manager in the Special Care Nursery. Cronin represented that this would be an interim position, until a candidate was selected to fill the position permanently. Cronin also told Cancellieri that she would receive adequate training for the position. Relying upon these representations, Cancellieri accepted the position.
Despite her promises, Cronin failed to hire anyone to fill the position permanently, failed to provide the promised training, and failed to obtain a waiver from the Massachusetts Department of Public Health (“DPH”) which was necessary in order for Cancellieri to hold the Nurse Manager position. Additionally, during a May 4,2007 meeting with Cancellieri, Cronin informed Cancellieri that she could voluntarily resign from the Nurse Manager position and that she would be provided with two months to obtain subsequent employment with NHC. As she had never expressed her intention to voluntarily resign, Cancellieri sought clarification regarding her severance by a letter dated May 14,2007. On June 13, 2007, Cronin sent an email to the entire department stating that Cancellieri was leaving the Nurse Manager position. When Cancellieri received this email, she suffered significant emotional distress as a result of the misrepresentations made to her colleagues. Furthermore, during a meeting regarding a recent DPH audit at which Cancellieri was present, Cronin falsely told the auditor that Cancellieri was the interim Manager of the Special Care Nursery. Cronin’s conduct during the audit was so egregious that several of Cancellieri’s co-workers approached her after this meeting to inquire about Cancellieri’s emotional well-being.
Cancellieri alleges that she left her Perinatal Program Manager position in reliance on the assurances that the Nurse Manager position would be interim until a candidate was selected to fill the position and in reliance upon the representation that she would receive training for the position. Had she been aware that the position was not interim and that she would not receive the promised training, Cancellieri would not have left her Perinatal Program Manager position. Cancellieri relied upon Cronin’s representations to her detriment, and she was terminated two years after accepting the offer of the interim Nurse Manager position.

Discussion

The Supreme Judicial Court recently refined the standard for evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), holding that, to survive a motion to dismiss, a complaint must set forth the basis of the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino, petitioner, No. 10059 (Sup.Jud.Ct. June 13, 2008), slip op. at 6, quoting Bell Atl. Corp. v. Trombly, 127 S.Ct. 1955, 1964-65 (2007). While factual allegations need not be detailed, they “must be enough to raise a right to relief above the speculative level. . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .” Id., quoting Bell Atl. Corp., 127 S.Ct. at 1964-65. At the pleading stage, Mass.R.Civ.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief ...” Id., quoting Bell Atl. Corp., 127 S.Ct. at 1966.
Cronin contends that, even if the Court accepts all of the allegations in the complaint as true, Cancellieri cannot make out a claim for intentional infliction of emotional distress against her individually because the exclusivity provision of the WCA bars her from doing so. The WCA bars common-law actions where (1) the plaintiff is an employee; (2) her condition is a “personal injury” within the meaning of the WCA; and *627 (3) the injury arises “out of and in the course of . . . employment.” Foley v. Polaroid Corp., 381 Mass. 545, 548-49 (1980), quoting G.L.c. 152, §26. When an employee’s intentional infliction of emotion distress claim is made within the context of an employment relationship, it is considered a personal injury claim arising out of employment and is thus precluded as a common-law claim by the WCA. Foley, 381 Mass. at 550.
While Cancellieri does not dispute that she was an employee or that the emotional distress she allegedly suffered is a personal injury within the meaning of the WCA, she contends that her claim is not barred by the WCA because the alleged tortious conduct of Cronin was outside the course of her employment and not in furtherance of NHC’s interests. The WCA does not immunize a supervisor or co-employee from suit by an employee for a claim of intentional infliction of emotional distress if the alleged tortious conduct was wholly outside the course of the supervisor or co-employee’s employment and did not further the interests of the employer. Brown v. Nutter, McClennen & Fish, 45 Mass.App.Ct. 212, 216 (1998), and cases cited.
The relevant question then is whether Cronin’s purported tortious conduct arose within the course of her employment and whether it furthered NHC’s interest. Id. at 217. In determining whether a co-employee was acting within the course of her employment, Massachusetts courts use an objective test, “a test ‘which assesses what the employee did and other facts in order to determine whether [she] acted at least in part for a job-related purpose.’ ” Id. at 218, quoting Mulford v. Mangano, 418 Mass. 407, 412 (1994). The application of this test requires a “fact-intensive analysis.” Id, at 217. In answering the question of whether Cronin was acting within the course of her employment at the time of the alleged conduct, “[i]t is enough if [she] is upon [her] employer’s premises occupying [herself] consistently with [her] contract of hire in some manner pertaining to or incidental to [her] employment.” Mulford, 418 Mass. 407, 411 (1994), quoting Mulford v. Mangano, 35 Mass.App.Ct. 800, 802 (1994).
Cancellieri contends that the conduct in question was not within the normal course of Cronin’s employment because Cronin’s duties at NHC did not involve misrepresentation, failures to obtain proper certification, and providing false emails regarding the status of her subordinate’s employment. Our appellate courts, however, have found analogous conduct to be at least in part job-related or in furtherance of an employer’s interest. See Anzalone v. Mass. Bay Transp. Authy., 403 Mass. 119, 125 (1996) (co-employee’s conduct within course of employment where plaintiff alleged co-employee intentionally harassed him and interfered with his employment by ordering him to perform menial and dirty jobs, and requiring him to work in overheated and unventilated room in conditions where other employees smoked in his presence, because co-employee’s conduct related wholly to his role as plaintiffs supervisor and the exercise of his supervisory duties); see also Fusaro v. Blakely, 40 Mass.App.Ct. 120, 124 (1996) (co-employees’ conduct within course of employment where plaintiff alleged co-employees over zealously interrogated him as part of a campus drug investigation because, even if they had misunderstood the proper performance of their job duties, co-employees were acting in furtherance of their employer’s interest in the drug investigation). The acts Cancellieri alleges as having caused her emotional distress are Cronin’s alleged misrepresentations regarding the nature of the Nurse Manager position; failure to provide Cancellieri with the promised training; failure to obtain the requisite waiver for Cancellieri to continue in the Nurse Manager position; and false statements to the DHP auditor and in the email to Cancellieri’s department at NHC. Like the conduct in Anzalone and Fusaro, Cronin’s complained-of conduct relates at least in part to Cronin’s canying out of her responsibilities as Director of Maternity and Newborn Services at NHC, and to the manner in which Cronin exercised her duties as Cancellieri’s supervisor, regardless of the particular manner in which she carried out these duties. Anzalone, 403 Mass. at 125; Fusaro, 40 Mass.App.Ct. at 125. Even if Cronin’s understanding of the proper performance of her duties was distorted, she was still acting within the scope of her employment. Fusaro, 40 Mass.App.Ct. at 124.
In support of her argument that Cronin was not acting in the course of her employment, Cancellieri cites Bowman v. Heller, 420 Mass. 517 (1995), and Brown v. Nutter McClennen & Fish, 45 Mass.App.Ct. at 218-19. Both of these cases, however, involved conduct by a co-employee that was plainly not job-related or in furtherance of the employer’s interest. In Bowman, the Supreme Judicial Court upheld an award for intentional infliction of emotional distress against a co-employee in circumstances where, during a campaign for union office, the defendant co-employee distributed photographs of women in obscene poses with the female plaintiffs face superimposed on their heads. 420 Mass. at 519-22. Likewise, in Brown the Appeals Court held that an employee’s claim against a co-employee for intentional infliction of emotional distress was not barred because the co-employee’s alleged conduct was not necessarily committed within the course of his employment or in furtherance of his employer’s interest in circumstances where the co-employee allegedly coerced the plaintiff into concealing his personal financial troubles, forging his wife’s signature on a mortgage note for his home, and notarizing the forged document by threatening suicide. 45 Mass.App.Ct. at 213-14, 218-19. Unlike Bowman and Brown, where the conduct of the defendant co-employees served only non-job-related purposes and was motivated wholly by self-in *628 terest, rather than a desire to further the employers’ purposes, Cronin’s alleged conduct regarding Cancellieri’s employment and her handling of the DPH audit was at least partially related to her duties as an employee of NHC.
Where at the time of the alleged conduct Cronin was acting within the course of her employment and in furtherance of NHC’s interests, the WCA bars Cancellieri’s claim for intentional infliction of emotional distress, and Cronin’s motion to dismiss Count II of Cancellieri’s complaint must be ALLOWED.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendant Paula Cronin’s Motion to Dismiss Count II of the Plaintiffs Complaint is ALLOWED.