JAMES B. MURPHY *vs.* WILLIAM L. MIETTINEN.

Worcester.    January 5, 1945. — February 5, 1945.

Present: FIELD, C.J., LUMMUS, QUA, WILKINS, & SPALDING, JJ.

*Workmen's Compensation Act,* Common employment, Injuries to which act applies. *Agency,* Scope of authority or employment.

An employee was within the scope of his employment when, preparatory to going to work in the employer's foundry, where he was due to report one half an hour later, he was parking his automobile in a parking lot which was adjacent to the foundry and was owned and maintained by the employer for the use of employees for parking their automobiles while at work.

One injured through alleged negligent operation of an automobile while directing the parking of it in a parking lot could not maintain an action at law against the operator where both he and the operator were employees of the same subscriber under the workmen's compensation act and were engaged within the scope of their employment at the time of the injury, and the injured employee had not reserved his common law rights under § 24 of the act.

TORT. Writ in the Central District Court of Worcester dated January 30, 1943.

Upon removal to the Superior Court, the case was heard by *Buttrick*, J.

In this court the case was submitted on briefs.

*F. W. Hiller*, for the plaintiff.

*L. E. Stockwell, G. R. Stobbs, & S. B. Tilton*, for the defendant.

WILKINS, J. This is an action of tort for personal injuries caused by the negligent operation of an automobile by the defendant. The defence is that the plaintiff's exclusive remedy is under the workmen's compensation act. The judge found for the defendant, and reported the case to this court.

The facts appear from a case stated: The plaintiff and the defendant were both employed by Charles G. Allen Company in Barre. The plaintiff was hurt at 6 A.M. on March 5, 1942, in a parking lot owned by the employer adjacent to its foundry and maintained by the employer for the use of its employees for parking their automobiles while at work. The plaintiff's duties included the directing of employees in parking their automobiles, and he was so engaged within the scope of his employment when injured. The defendant, a moulder, was parking his automobile preparatory to going to work in the foundry, where he was due to report at 6:30 A.M. The plaintiff stood in front of the defendant's automobile, and motioned him to drive forward to a white line. The defendant's foot slipped from the brake to the accelerator, and the automobile moved forward, striking the plaintiff. The employer was duly insured for workmen's compensation in accordance with G. L. (Ter. Ed.) c. 152, and the plaintiff had not reserved his common law rights under § 24 thereof.

On a case stated this court may draw "any inferences of fact that might have been drawn therefrom at a trial." G. L. (Ter. Ed.) c. 231, § 126. *Howell* v. *First of Boston International Corp.* 309 Mass. 194, 196. *Hayes* v. *Lumbermens Mutual Casualty Co.* 310 Mass. 81, 83. *Caissie* v. *Cambridge, ante,* 346, 347.

If at the time the injuries were received the parties were engaged in the course of their common employment, the plaintiff cannot maintain this action but must rely upon his remedies under the workmen's compensation act. G. L. (Ter. Ed.) c. 152, § 15, as amended. *Bresnahan* v. *Barre,* 286 Mass. 593. *Dresser* v. *New Hampshire Structural Steel Co.* 296 Mass. 97. *Caira* v. *Caira,* 296 Mass. 448. *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, 568–569. *Carlson* v. *Dowgielewicz,* 304 Mass. 560.

The plaintiff was expressly stated to be engaged within the scope of his employment. The question for decision, therefore, is whether the defendant, who was using the parking facilities provided by the employer in preparation for his work, was within the scope of his employment one half hour before he was obliged to report in the foundry for the performance of his duties. We think that the judge was right in concluding that he was. He was on the premises of his employer, engaged in an act contemplated by his employment, and was about to go to another part of the premises where his work was to be done. This was an incident of his employment. It is of no consequence that he was not inside a building. See *Stacy's Case,* 225 Mass. 174; *Hallett's Case,* 232 Mass. 49. The mere fact, that an employee, employed for indoor work, was outdoors when injured, does not preclude him from the protection of the act. That he was one half hour early was not unreasonable. "While on the master's premises, a servant may be within his employment although he has not begun work or has stopped work." *Watkins* v. *New York, New Haven & Hartford Railroad,* 290 Mass. 448, 450. A similar result has been reached in numerous analogous situations. *Olsen* v. *Andrews,* 168 Mass. 261, 263–264. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 102. *Sundine's Case,* 218

Mass. 1, 4–5. *Von Ette's Case,* 223 Mass. 56, 61. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 33–34. *Latter's Case,* 238 Mass. 326, 327–328. *Milliman's Case,* 295 Mass. 451. *Sylvia's Case,* 298 Mass. 27. *DeStefano* v. *Alpha Lunch Co. of Boston,* 308 Mass. 38. *Nagle's Case,* 310 Mass. 193, 197. *Souza's Case,* 316 Mass. 332, 335. The decision in *Mannering's Case,* 290 Mass. 517, is an authority for, and not against, the conclusion here reached. In *Rourke's Case,* 237 Mass. 360, and in *Bell's Case,* 238 Mass. 46, the employee was not on the employer's premises. Nothing inconsistent with the view here taken is to be found in *Donovan's Case,* 217 Mass. 76.

*Judgment for the defendant.*