JAMES HORAN's (dependents') CASE.

Suffolk. February 6, 1963. — May 17, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Proximate Cause. Agency,* Scope of authority or employment.

Findings by the Industrial Accident Board in a workmen's compensation case, that a fatal heart attack suffered by the employee about one half hour before he was scheduled to commence work was caused by his "running to get out of the rain" from a parking lot at his place of work to which he had ridden in an automobile of a fellow employee, required a conclusion as matter of law that he had sustained a fatal injury arising out of and in the course of his employment.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Lappin, J.*

*Laurence S. Locke* for the claimant.

*William H. Kerr (Earl W. Franklin* with him) for the self insurer.

REARDON, J. The employee worked on the grounds at the Boston City Hospital. On the morning of July 2, 1959, a misty, rainy day, he left his home in apparently normal physical condition and rode with a fellow employee to a parking lot on the hospital grounds arriving there between 6:20 and 6:25 A.M. While his employment hours were from 7 A.M. to 3 P.M. he customarily rode to work with another hospital worker whose duties commenced at 6:30 A.M. He was not wearing rain clothes and while "running to get out of the rain" was seized with a heart attack. He expired at 7:25 A.M. A single member of the Industrial Accident Board found in accordance with an opinion rendered by an internist (called by the claimant), who testified that the precipitating cause of the employee's heart attack and subsequent death lay in his running to escape the rain.

The single member concluded in his decision "that the act of 'running to get out of the rain' was not caused by the performance of any duty related to employee's occupation as hospital worker or in any way incidental to his employment, and that it is not an injury arising out of and in the course of his employment." The findings and decision of the single member were adopted by the reviewing board. A decree in accordance with the board's decision was entered in the Superior Court and the claimant widow brought this appeal under the Workmen's Compensation Act.

In our view the decision of the single member was erroneous. "[A]n employee, in order to be entitled to compensation, need not necessarily be engaged in the actual performance of work at the time of injury; it is enough if he is upon his employer's premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment." *Bradford's Case,* 319 Mass. 621, 622, and cases cited. See *Souza's Case,* 316 Mass. 332, 335; *Kubera's Case,* 320 Mass. 419, 420–421. The facts here are strongly similar to those of *Rogers's Case,* 318 Mass. 308. There, an employee had arrived as a passenger in a car driven by a fellow employee to a parking lot furnished by the employer. "[T]he employee, while actually on his employer's premises and on his way to the place where his day's work was to be performed by a route which he was permitted and expected to take, fell and was injured." *Rogers's Case, supra,* 309. Compensation was awarded to the employee. See *Warren's Case,* 326 Mass. 718, 719. In *Murphy* v. *Miettinen,* 317 Mass. 633, it was held that a defendant using the parking facilities provided by his employer was within the scope of his employment one-half hour before he was obliged to report for the performance of his duties.

Disability or death resulting from a heart attack may be found to have been caused by a strain connected with the employment and thus to constitute a personal injury under the act. *Brzozowski's Case,* 328 Mass. 113, 115, and cases cited. The effort of the employee to seek shelter from the rain in a reasonable manner, while on the employer's prem-

ises at a time appropriate to the employment, was incidental to his employment. The case is governed by *Rogers's Case, supra.* See *Von Ette's Case,* 223 Mass. 56, 61; *Borin's Case,* 227 Mass. 452, 454; *Bator's Case,* 338 Mass. 104, 106; *Wabash Ry.* v. *Industrial Commn.* 360 Ill. 92, 95–96; *Blue Diamond Coal Co.* v. *Walters,* 287 S. W. 2d 921 (Ky.).

The decree is reversed and a decree is to be entered in favor of the claimant.

*So ordered.*