LOUIS COMEAU vs. EDGAR I. HEBERT.

Bristol.    March 8, 1967. — June 7, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Workmen's Compensation Act,* Common employment. *Agency,* Scope of authority or employment.

Where it appeared that a carpenter employed by a company insured under the Workmen's Compensation Act, G. L. c. 152, was injured during the course of his employment as he was walking from one of his employer's shops to another when he was struck by an automobile operated by an overseer of the same employer, and that the overseer had been "through work for about 15 minutes before the accident . . . and . . . was on his way home and was not engaged in any work on behalf of his employer" at the time of the accident, the doctrine of "common employment" did not bar an action of tort under § 15 of the Act by the carpenter against the overseer for such injuries.

TORT.    Writ in the Superior Court dated August 14, 1961. The action was tried before *Ponte, J.*

*Charles R. Desmarais* for the plaintiff.

*Benjamin Horvitz* for the defendant.

REARDON, J.    In this action of tort the court under leave reserved entered a verdict for the defendant after a jury verdict in favor of the plaintiff.    The case is here on the plaintiff's bill of exceptions.    The plaintiff received personal injuries as a result of being struck by a car driven by the defendant.    At the time, the plaintiff, a carpenter in the employ of Sagamore Manufacturing Company in Fall River, was walking from one of its shops to another.    The defendant, employed by the same company as an overseer, had completed his work for the day and was on his way home.    The defendant had entered his car which was parked, and testified at the trial that he was blinded by the sun and did not see the plaintiff until after he had struck him, having driven no more than twenty feet, although "he knew that there were several cars and people likely to be in the area."    The record is not clear whether the site of the accident was on premises belonging to the employer although it was located between two of its mills.    The parties agreed that the employer carried workmen's compensation insurance, that the plaintiff collected compensation pay-

ments for his injury, that he did not reserve his common law rights in accordance with G. L. c. 152, § 24, and that they were employed by Sagamore at the time of the accident. The issue presented by the bill of exceptions is whether the plaintiff and the defendant were fellow employees acting in the course of their common employment at the time of the accident.

"If at the time the injuries were received the parties were engaged in the course of their common employment, the plaintiff cannot maintain this action but must rely on his remedies under the workmen's compensation act." *Murphy* v. *Miettinen,* 317 Mass. 633, 635, and cases cited. *Wechsler* v. *Liner,* 328 Mass. 152, 153. See G. L. c. 152, § 15. It is undisputed that the plaintiff was injured during the course of his employment. The defendant, according to the bill of exceptions, "was through work for about 15 minutes before the accident occurred and at the time of the accident was on his way home and was not engaged in any work on behalf of his employer." These circumstances differ, we think, from those of *Murphy* v. *Miettinen,* 317 Mass. 633, 635. There the plaintiff was employed to direct other employees, including the defendant, in parking their automobiles prior to their day's work in a lot owned by their common employer. The defendant was "on the premises of his employer, engaged in an act contemplated by his employment, and was about to go to another part of the premises where his work was to be done. This was an incident of his employment." This case is not similar in that the defendant had ceased his day's work fifteen minutes before, the record being silent as to his activity in the interim. Nor does the record make clear that the injury occurred on premises owned or controlled by the employer. Cf. *Zapponi* v. *Central Constr. Co.* 334 Mass. 146, 148–150. Cases cited by the defendant in support of his contention that at the occurrence of the accident he was still in the course of his employment present fact situations dissimilar from those of this case. See *Watkins* v. *New York, N. H. & H. R.R.* 290 Mass. 448; *Nagle's Case,* 310 Mass. 193; *Rogers's Case,* 318 Mass. 308.

*Exceptions sustained.*