FREDERICK CONNOLLY vs. ALFRED MIRON.

Worcester. January 5, 1968. — February 7, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Workmen's Compensation Act*, Common employment.

Where it appeared that, immediately after two fellow employees had finished their work, washed and changed clothing and proceeded to a parking lot owned by the company employing them and provided by it for the exclusive use of its employees while at work, a collision occurred in the parking lot between automobiles operated by the two employees and one of them was injured thereby, the doctrine of "common employment" barred him from recovering for his injuries from the other employee.

TORT. Writ in the Superior Court dated November 20, 1963.

The action was tried before *Vallely*, J.

*William C. O'Neil, Jr.*, for the defendant.

*John M. Shea*, for the plaintiff, submitted a brief.

REARDON, J. The plaintiff in this action of tort sought to recover for injuries sustained in a collision with a vehicle driven by the defendant. Both were employees of the Heald Machine Company in Worcester which was insured under G. L. c. 152. They were employed on the same shift but in different departments. At the conclusion of their work on the day of the accident, about 3:25 P.M., they left their work, washed and changed clothing, and proceeded to a parking lot owned by their employer. About 3:40 P.M., while operating their respective automobiles in the parking space, a collision occurred. The parking space was divided into areas appropriately marked for the parking of automobiles and was used exclusively by employees of the machine company while they were at work, the company having made provisions to that end. Neither party had reserved

his rights at common law under G. L. c. 152, § 24. The court denied a motion by the defendant that a verdict be directed for him, and to this denial the defendant took an exception. The jury thereafter returned a verdict for the plaintiff.

The plaintiff relies upon a recent decision, *Comeau* v. *Hebert*, 352 Mass. 634, where we held that the circumstances permitted recovery. In the *Comeau* case the plaintiff, a pedestrian, was injured during the course of his employment by the defendant who had for a period been through work for the day and who operated the car which struck the plaintiff on premises not shown to be owned by or in the control of the employer.

The defendant argues that this case is to be governed by *Murphy* v. *Miettinen*, 317 Mass. 633. In the latter case the plaintiff sustained his injury while engaged in directing other employees, including the defendant, in parking their automobiles prior to their day's work in a lot owned by their common employer.

In our view decision of the issue presented to us is to be governed by the *Murphy* case which on its facts is more closely similar to this case than *Comeau* v. *Hebert, supra.* A ruling was required that the injury to the plaintiff arose out of and in the course of his employment by the machine company. He and the defendant were departing their employer's premises immediately following their work, and injury occurred in a parking space provided for them both by their employer. *Adiletto* v. *Brockton Cut Sole Corp.* 322 Mass. 110, 112, and cases cited. See *Rogers's Case,* 318 Mass. 308, 309, and cases cited.

*Exceptions sustained.*
*Judgment for the defendant.*