DIANA C. MENDES vs. TIN KEE NG & another.[1]

Hampshire.   March 4, 1987. — May 28, 1987.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Workmen's Compensation Act*, Common employment, Injuries to which
act applies. *Agency*, Scope of authority or employment.

A restaurant employee, injured when struck on the restaurant's entrance
steps by an automobile owned by one coemployee and operated by
another at the beginning of their work day, was barred by G. L. c. 152,
the Workmen's Compensation Act, from bringing an action in tort against
her fellow employees where it appeared that all three were in the service
of the restaurant corporation under a contract of hire [132-134], and that
all three were acting within the scope of their employment at the time
of the accident [134-135].

CIVIL ACTION commenced in the Superior Court Department
on August 13, 1982.

The case was heard by *Elizabeth A. Porada*, J., on motions
for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Harry L. Miles* for the plaintiff.

*John A. Lacaire* (*Timothy P. Wickstrom* with him) for Chung
Ming-Jung.

*Mark D. Horan* for Tin Kee Ng.

LYNCH, J. The plaintiff, Diana C. Mendes, commenced this
action against the defendants, Tin Kee Ng and Coler, for personal
injuries arising from the operation of Tin Kee Ng's motor vehicle.
The defendants filed motions for summary judgment on the
ground that the plaintiff, Tin Kee Ng, and Coler were
coemployees who were arriving at their employer's premises for
work when the accident that gave rise to this action occurred,

---

[1] Chung Ming-Jung, also known as Ming Coler (Coler).

and therefore the plaintiff's exclusive remedy against Tin Kee Ng and Coler lay under G. L. c. 152 (1984 ed.) (Workmen's Compensation Act). A Superior Court judge allowed the motions and entered summary judgment in their favor, ruling that the plaintiff's injuries arose out of and in the course of her employment. The plaintiff filed timely notices of appeal. We affirm.

At approximately 11 A.M., on July 2, 1982, the plaintiff was sitting on the steps of the Hunan Garden Restaurant, where she was scheduled to begin work. Coler, who possessed a learner's permit, drove into the restaurant parking lot in Tin Kee Ng's automobile, with Tin Kee Ng occupying the passenger seat of the vehicle. Coler and Tin Kee Ng were both employees of the restaurant and were on their way to work. As the automobile pulled toward a parking space in front of the steps to the restaurant, it accelerated up over the curb and onto the steps, injuring the plaintiff. The restaurant was operated by Hunan Garden, Inc., and the premises included the parking lot.

The plaintiff had begun work at the restaurant in February, 1981, under the supervision of Tin Kee Ng. She was paid $1.75 an hour, always in cash, and kept eighty-five per cent of all tips she earned. Neither taxes nor Social Security payments were deducted from her earnings. The plaintiff did not appear in the financial reports of Hunan Garden, Inc., until the quarter ending June 30, 1982.

The plaintiff did not give written notice of her intention to reserve her common law rights against her employer as provided by G. L. c. 152, § 24.

It is well established that "where compensation benefits are available under G. L. c. 152, an employee injured in the course of his employment by the negligence of a fellow employee may not recover from that fellow employee if he was also acting in the course of his employment." *Saharceski* v. *Marcure*, 373 Mass. 304, 306 (1977).

1. *Contract of hire.* Before G. L. c. 152 becomes a bar to an action in tort against coemployees, the plaintiff and each defendant must be in the service of the common employer under a contract of hire. G. L. c. 152, § 1 (4). L. Locke,

Workmen's Compensation § 149, at 154 (2d ed. 1981). The plaintiff asserts that there exists a substantial question of fact as to whether she was ever informed that her employer was Hunan Garden, Inc., the corporation that manages the restaurant and under whose workmen's compensation insurance policy the defendants contend she is covered.[2] The plaintiff also argues that Tin Kee Ng's failure to comply with tax and minimum wage laws raises a substantial question of fact as to the existence of a contract of hire between Hunan Garden, Inc., and the plaintiff and Coler.

The plaintiff conceded in her affidavit in opposition to the motions for summary judgment that the Hunan Garden Restaurant was owned and operated by Hunan Garden, Inc. The fact that she may not have been informed that her employer was a corporation is of no import. A contract of hire need not be shown by express agreement but may be implied from the circumstances. See *Tracy* v. *Cambridge Junior College*, 364 Mass. 367, 370-371 (1973).

The plaintiff argues that, because she was paid less than the minimum wage, her employment was illegal and was not within the coverage of the Workmen's Compensation Act. G. L. c. 151, § 1 (1984 ed. & 1985 Supp.). Such illegality would not deprive the plaintiff of the benefits of the act. Cf. *Garnhum's Case*, 348 Mass. 87, 89 (1964) (minor illegally employed held to be an "employee" with all rights incident to that status under Workmen's Compensation Act). We decline to adopt a rule as is urged upon us by the plaintiff that in effect would grant to the plaintiff the option of proceeding under the act or at common law. That option is not afforded to plaintiffs who are employed in violation of minimum age legislation, an area where the Legislature has also expressed a strong policy against illegal employment. See G. L. 152, § 28 (1984 ed.) (providing for double compensation and requiring that employer repay to the insurer extra compensation paid to employ-

---

[2] The plaintiff argued that, because she was employed illegally, she was excluded from the coverage of Hunan Garden's workmen's compensation policy. However, at oral argument, the plaintiff's counsel conceded that the exclusionary language of the policy upon which the plaintiff relied did not apply to the workmen's compensation portion of the policy.

ee); *Garnhum's Case, supra*. The plaintiff's estoppel argument against the defendant Tin Kee Ng also adds nothing additional to her claim of illegality.

2. *Course of employment*. An employee who is struck by an automobile at the conclusion of his work, in a parking lot which is part of his employer's premises, has been injured in the course of his employment. *Connolly* v. *Miron*, 353 Mass. 654 (1968). *Horan's Case*, 346 Mass. 128 (1963). See Locke, *supra* at § 219. Furthermore, "[a]n employee is covered for injuries sustained after arriving on the premises before work, or waiting to leave after work." Locke, *supra* at § 237. See *Connolly* v. *Miron, supra; Mahan's Case*, 350 Mass. 777 (1966); *Horan's Case, supra; Rogers' Case*, 318 Mass. 308 (1945); *Murphy* v. *Miettinen*, 317 Mass. 633 (1945). Here, it is uncontested that all the parties arrived at the accident site expecting to begin work. There is also no dispute that the plaintiff was injured while sitting on the steps at the entrance to the restaurant. This area was subject to the management and control of her employer and as such was part of the employer's premises. *Lee* v. *Pelletier*, 20 Mass. App. Ct. 915, 916 (1985), and cases cited. Cf. *Comeau* v. *Hebert*, 352 Mass. 634 (1967) (workmen's compensation bar did not apply because there was no evidence the accident occurred on premises owned or controlled by common employer). We conclude that the judge was correct in ruling that the plaintiff's injuries arose out of and within the course of her employment.

As previously noted, immunity under workmen's compensation extends to employees who in the course of their employment negligently injure a coemployee also acting within the scope of his employment. *Saharceski* v. *Marcure*, 373 Mass. 304, 306 (1977). Therefore, the only issue remaining is whether the defendants Coler and Tin Kee Ng were acting within the scope of their employment at the time of the accident.

The plaintiff argues that, although Coler was arriving at her place of employment, the fact that she was driving Tin Kee Ng's automobile to gain experience places her conduct outside the scope of her employment. While an employee may have more than one motive for performing an act, as long as one

significant purpose is related to the employment the employee will be considered to be acting in the course of her employment. *Wang Laboratories, Inc.* v. *Business Incentives, Inc.*, 398 Mass. 854, 859-860 (1987). Locke, *supra* at § 247. With respect to an employee's trip or journey, the test "is whether the employment or something else sent the employee on the journey." *Mandell's Case*, 322 Mass. 328, 331 (1948). At the time of the accident, Coler and Tin Kee Ng had arrived on the employer's premises for the purpose of beginning their workday. That Coler chose to travel to work by driving an automobile owned by someone else in order to gain driving experience does not alter the conclusion that her trip arose in the course of her employment. Though the plaintiff argues the facts do not establish that the employer had any control over the negligent employee, see *Maguire's Case*, 16 Mass. App. Ct. 337, 341 (1983), the requirement of control is not an important factor where the claim arises on the employer's premises. See *Connolly* v. *Miron*, 353 Mass. 654 (1968).

Accordingly, we conclude that the defendants, Coler and Tin Kee Ng, were coemployees acting within the scope of their employment and the plaintiff's claims against the defendants are therefore barred.

*Judgments affirmed.*