PAUL· MULFORD *vs*. JOSEPH MANGANO.

No. 91-P-763.

Middlesex. October 19, 1992. - January 21, 1994.

Present: ARMSTRONG. JACOBS, & LAURENCE, JJ.

Further appellate review granted, 417 Mass. 1102 (1994).

*Workers' Compensation Act*, Common employment, Injuries to which act
    applies, Recreational activities. *Agency*, Scope of authority or employ-
    ment. *Practice, Civil*, Summary judgment.

In an action by a restaurant employee, injured when he fell from the hood
    of a coemployee's automobile in the restaurant's parking lot, against
    the coemployee for the resulting injuries, the judge erred in granting
    summary judgment in favor of the defendant on the ground that the
    action was barred by the workers' compensation rule of coemployees'
    immunity, where the defendant had failed to meet his burden of show-
    ing the absence of any genuine issue as to whether he was acting within
    the course of his employment. [801-803, 803-804]
This court concluded that where an employee is not on duty but is on the
    employer's premises for a bona-fide job-related purpose with the em-
    ployer's consent, the finder of fact may appropriately find that the em-
    ployee is acting within the course of his or her employment for purposes
    of workers' compensation. [803]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 13, 1989.

The case was heard by *Catherine A. White*, J., on a mo-
tion for summary judgment.

*Mark A. Gallant* for plaintiff.

*Mary S. Sullivan* for the defendant.

ARMSTRONG, J. The plaintiff and the defendant were em-
ployed at a Papa Gino's restaurant in Stoneham. On April
23, 1987, Mulford worked his regular shift as a dishwasher.
Mangano, employed as a cook, was not scheduled to work
that day but came to the restaurant around 9:00 P.M.. for two
reasons, according to his deposition testimony. He came to
observe the cashing-out procedure followed by the managers

at the end of the day, in the hope of learning skills to become
in time a manager himself, and also to watch the end of a
Boston Celtics playoff game, on a television that had been
installed by employees, for the playoffs, in a back room of
the restaurant. He had watched an earlier part of the telecast
at home.

Mangano was to give Mulford a ride home; both left the
restaurant around 11:00 P.M. and proceeded to the restaurant
parking lot. There, in circumstances that are disputed, Mul-
ford fell from the hood of Mangano's automobile as Man-
gano backed it from its space. In this suit for the resulting
injuries, summary judgment was entered for Mangano, on
the ground that the action was barred by the workers' com-
pensation rule of coemployees' immunity: "where compensa-
tion benefits are available under G. L. c. 152, an employee
injured in the course of his employment by the negligence of
a fellow employee may not recover from that fellow employee
if [the fellow employee] was also acting in the course of his
employment." *Saharceski* v. *Marcure*, 373 Mass. 304, 306
(1977). *Mendes* v. *Tin Kee Ng*, 400 Mass. 131, 132 (1987).

Parking lot accidents between fellow employees departing
from or arriving at work fall generally within the coemployee
immunity rule. See *Connolly* v. *Miron*, 353 Mass. 654
(1968); *Mendes* v. *Tin Kee Ng*, *supra.* Contrast *Comeau* v.
*Herbert*, 352 Mass. 634, 635 (1967), where the record did
not show that the accident occurred within the common em-
ployer's parking lot. The judge correctly ruled as a matter of
law that Mulford was injured in the course of his employ-
ment, as he passed through his employer's parking lot di-
rectly upon finishing work. The record before the judge was,
however, insufficient to eliminate any genuine issue of mate-
rial fact as to whether Mangano was acting in the course of
his employment.

The identical question, whether Mangano was acting in
the course of his employment, would be raised if he had been
injured and was seeking to collect workers' compensation. In
such cases, "[t]he inquiry has been whether his employment
exposed him to the risk, whatever it was, which actually

caused the injury." *Souza's Case*, 316 Mass. 332, 334 (1944). "Another established principle is that the employee, in order to be entitled to compensation, need not necessarily be engaged in the actual performance of work at the moment of injury. It is enough if he is upon his employer's premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment." *Id.* at 335.

Injuries sustained as a result of an employee's voluntary participation in a recreational activity, whether or not on the employer's premises, normally do not qualify for workers' compensation. See *Gateley's Case*, 415 Mass. 397, 399-400 (1993); G. L. c. 152, § 1(7A), as amended through St. 1985, c. 572, § 11.[1] If Mangano's sole reason for being at the restaurant were to watch the Celtics game with fellow employees, he would not qualify for coemployee immunity. More problematic is Mangano's job-related purpose for being on the premises. Here we assume, with the parties, that Mangano was not scheduled to work the evening of the accident, that he had not been encouraged by the employer to learn managers' skills, that cashing out was no part of his duties as a cook, that he did not punch the time clock on coming or leaving, and that he did not expect to be paid or otherwise credited for his presence that evening.[2]

In *McManus's Case*, 289 Mass. 65 (1934), it was held that a caddy was not acting within the scope of his employment when he was injured on his employer's golf course, not in the course of caddying, but while golfing himself on a morning when the course was closed and caddies were allowed by the employer to play. We must assume this case is

----

[1]Section 1(7A) as amended excludes injuries resulting from "purely voluntary participation" in recreational activities from the category of "personal injuries" compensable under c. 152. As to the vagaries of the quoted phrase, see *Bengtson's Case*, 34 Mass. App. Ct. 239, 243-244 (1993).

[2]Because the parties have not mentioned or relied on the point, we also do not; but the record indicates that Mulford, in the course of a deposition, gave as his recollection that Mangano was on duty the night of the accident and had punched out on the time clock with Mulford and other employees.

still good law, but the caddy's purpose in being on the course parallels only Mangano's purpose to continue watching the Celtics game with his workmates, not his purpose to learn the cashing-out procedure. Recognizing that the case before us is at the outer verge of the concept of scope of employment, we favor a rule that treats an employee's off-duty time on his employer's premises attempting to upgrade his job skills as being within the scope of his employment for workers' compensation purposes provided such activity is not discouraged by the employer. Here there is no suggestion that Mangano was discouraged from being on the premises observing the cashing-out procedure.

Mr. Laurence Locke's invaluable text brings to attention a Vermont case wherein a home economics teacher enrolled in an evening sewing class held for the general public in her classroom, and slipped on icy steps while leaving. Locke, Workmen's Compensation § 242, at 285 n.81 (2d ed. 1981), citing *Kenney* v. *Rockingham Sch. Dist.*, 123 Vt. 344 (1963). The court affirmed a finding that the teacher had acted within the course of her employment because participation in the class increased her proficiency and created good will for the employer. Although cashing out was not part of Mangano's duties as a cook, employees' attempts to advance themselves by learning new job skills can impart flexibility through interchangeability within the workforce — a result generally both useful to the employer and conducive to employee morale. We hold, therefore, that where an employee is not on duty but is on the employer's premises for a bona fide job-related purpose with the employer's consent, the finder of fact may appropriately find that the employee is acting within the scope of his or her employment for purposes of workers' compensation.

However, an employee who acts for two purposes — one of which would make an injury compensable and the other of which would not — acts in the course of employment, for purposes of coemployee immunity, so long as "one significant purpose is related to the employment." *Mendes* v. *Tin Kee Ng*, 400 Mass. at 134-135. See also Larson, Workmen's

Compensation Law § 18.17 (1992); Locke, *supra* § 247. The job-related purpose is significant in this sense if it is causally connected to the acts in question; that is, if those acts were not completely dictated by the private purpose. It must appear from the evidence either that the employee would have acted as he did even if the private purpose had not existed, or that the employee would not have acted as he did in the absence of the job-related purpose. See *Mandell's Case*, 322 Mass. 328, 330-331 (1948), citing *Marks* v. *Gray*, 251 N.Y. 90 (1929). See generally Larson, *supra* § 18.12.

Where a party's motive or state of mind is at issue, summary judgment is rarely appropriate. See *Quincy Mut. Fire Ins. Co.* v. *Abernathy*, 393 Mass. 81, 86 (1984); *Pederson* v. *Time, Inc.*, 404 Mass. 14, 17 (1989); *Madden* v. *Estin*, 28 Mass. App. Ct. 392, 395 (1990). Viewing the parties' submissions in the light most favorable to the plaintiff, *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 371, cert. denied, 459 U.S. 970 (1982), it cannot be said to have been established as matter of law that Mangano's job-related purpose was a significant reason for his presence on the night of the accident. Mangano has not met his burden of showing the absence of any genuine issue as to whether he was acting within the scope of his employment.

*Judgment reversed.*