PAUL MULFORD *vs.* JOSEPH MANGANO.

Middlesex. May 4, 1994. - July 19, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Workers' Compensation Act*, Common employment, Injuries to which act
applies. *Agency*, Scope of authority or employment. *Words*, "Course of
employment."

This court stated that the coemployee immunity rule under G. L. c. 152
involves the same "course of employment" standard that determines
whether an employee is acting in the course of his employment and
thus is entitled to workers' compensation. [409-411]
In determining whether, within the context of the workers' compensation
act, an employee is acting in the course of his employment, i.e., whether
the employee has a significant purpose for his conduct that is job re-
lated, when there may be more than one motive for his conduct, the
fact finder should consider objective evidence of what the employee was
doing, and had done previously, in connection with his stated motive or
motives, as well as the employer's attitude toward the employee's con-
duct and stated motive. [411-413]
In an action by a restaurant employee, injured when he fell from the hood
of a coemployee's automobile in the restaurant's parking lot, brought
against the coemployee, summary judgment was incorrectly entered in
favor of the defendant on the ground that the action was barred by the
workers' compensation immunity, where there remained a genuine issue
of material fact whether the defendant was, at the time of the accident,
acting in the course of his employment. [413] O'CONNOR, J.,
concurring.

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 13, 1989.

The case was heard by *Catherine A. White*, J., on a mo-
tion for summary judgment.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Mark A. Gallant* for the plaintiff.

*Mary Secor Sullivan* for the defendant.

*Marc L. LaCasse & Marjorie O. Dresser*, for Alliance of American Insurers, amicus curiae, submitted a brief.

WILKINS, J. We granted the defendant's application for further appellate review following the Appeals Court's issuance of its opinion in *Mulford* v. *Mangano*, 35 Mass. App. Ct. 800 (1994). The defendant Mangano argues that, as a coemployee of the plaintiff, he is immune from liability in this case.

The plaintiff argues that the Appeals Court erred in applying the traditional workers' compensation "course of employment" standard in determining whether Mangano as a coemployee was immune from tort liability under the workers' compensation act. G. L. c. 152 (1992 ed.). We shall also consider whether the Appeals Court applied the proper rule of law in determining whether the defendant was acting in the course of his employment, where arguably he was acting either for a job-related purpose or for a personal reason, or perhaps both, when the plaintiff was injured. We conclude that the Appeals Court properly reversed the summary judgment entered for the defendant.

The Appeals Court opinion correctly summarizes the evidence presented on the summary judgment record as follows:

> "The plaintiff [Mulford] and the defendant [Mangano] were employed at a Papa Gino's restaurant in Stoneham. On April 23, 1987, Mulford worked his regular shift as a dishwasher. Mangano, employed as a cook, was not scheduled to work that day but came to the restaurant around 9:00 P.M. for two reasons, according to his deposition testimony. He came to observe the cashing-out procedure followed by the managers at the end of the day, in the hope of learning skills to become in time a manager himself, and also to watch the end of a Boston Celtics playoff game, on a television that had been installed by employees, for the playoffs, in a back room of the restaurant. He had watched an earlier part of the telecast at home.

"Mangano was to give Mulford a ride home; both left the restaurant around 11:00 P.M. and proceeded to the restaurant parking lot. There, in circumstances that are disputed, Mulford fell from the hood of Mangano's automobile as Mangano backed it from its space." *Mulford* v. *Mangano, supra* at 800-801.

The Appeals Court assumed, and no party has objected, "that Mangano was not scheduled to work the evening of the accident, that he had not been encouraged by the employer to learn managers' skills, that cashing out was no part of his duties as a cook, that he did not punch the time clock on coming or leaving, and that he did not expect to be paid or otherwise credited for his presence that evening." *Id.* at 802.

The plaintiff brought this action to recover for his injuries. Mangano moved for summary judgment on the ground that he was a coemployee entitled to immunity under the workers' compensation act. A Superior Court judge allowed summary judgment for the defendant.[1] As we have said, we agree with the Appeals Court's conclusion that summary judgment was inappropriately entered.

First we state that the coemployee immunity rule under G. L. c. 152 involves the same "course of employment" standard that determines whether an employee is acting in the course of employment and thus is entitled workers' compensation.[2] Compensation is available, pursuant to G. L. c. 152,

---

[1]In fairness to the motion judge, we should note that the distinction between "scope of employment" and "course of employment" asserted by the plaintiff on appeal was not advanced in the memoranda submitted to her on the summary judgment question. Mangano's deposition which provides the facts on which, by assent of both parties, the issues on appeal are argued apparently was not presented to the judge until the plaintiff moved for reconsideration of the order allowing summary judgment for the defendant. The defendant did not argue, and does not now argue, that issues of mixed purpose coemployee activity were not properly before the Appeals Court.

[2]The plaintiff strenuously argues to the contrary in his supplemental brief to this court filed after we allowed further appellate review in this case. The point was presented less clearly in the plaintiff's original appellate brief. The Appeals Court opinion does not analyze the point but cor-

§ 26 (1992 ed.), to an employee (who has not preserved his common law rights) who receives a personal injury "arising out of and in the course of his employment." If "compensation benefits are available under G. L. c. 152, an employee injured in the course of his employment by the negligence of a fellow employee may not recover from that fellow employee if he also was acting in the course of his employment." *Saharceski* v. *Marcure*, 373 Mass. 304, 306 (1977). See G. L. c. 152, § 15 (next to last sentence).

The plaintiff wants us to conclude that a defendant may rely on the coemployee immunity rule only when the defendant, as a fellow servant, was acting within the *scope* of his employment, a tort principle applied to determine whether a master is liable for the negligence of a servant. See *Wang Laboratories, Inc.* v. *Business Incentives, Inc.*, 398 Mass. 854, 859-860 (1986); L. Locke, Workmen's Compensation § 211, at 228 (2d ed. 1981). Our cases have implicitly rejected this rule of narrower range and have used the *course* of employment standard in dealing with coemployee immunity claims. See *Mendes* v. *Tin Kee Ng*, 400 Mass. 131, 134-135 (1987); *Saharceski* v. *Marcure, supra.* Cf. *Bresnahan* v. *Barre*, 286 Mass. 593, 597 (1934).[3] The rule which we apply and which the Appeals Court applied is the majority rule in

---

rectly applies the rule we now expressly recognize. See *Mulford* v. *Mangano*, 35 Mass. App. Ct. 800, 801-802 (1994).

[3]It is true that from time to time opinions (as did the Appeals Court opinion in this case) have used the phrases "scope of employment" and "course of employment" interchangeably, but never with any suggestion that the correct test for purposes of the coemployee immunity rule, "course of employment" meant anything different from "course of employment" for workers' compensation coverage purposes. See, e.g., *O'Connell* v. *Chasdi*, 400 Mass. 686, 690-691 (1987); *Mendes* v. *Tin Kee Ng*, 400 Mass. 131, 134-135 (1987); *Murphy* v. *Miettinen*, 317 Mass. 633, 635 (1945).

The very name of the analogous common law "fellow servant rule" suggests that the tort law "scope of employment" principle applies because it applies only to those agents who were servants acting in the scope of their employment. This case does not involve the common law fellow servant rule. General Laws c. 152, § 15, refers to the "insured person's employees."

this country among States providing tort immunity for coemployees. See 2A A. Larson, Workmen's Compensation § 72.23, at 14-171 — 14-174 (1993) ("The more satisfactory test, unless expressly ruled out by statute, . . . simply use[s] the regular workmen's compensation course of employment standard"); Annot., 21 A.L.R. 3d 845, 876-879 (1968 & Supp. 1993). The use of a course of employment rule provides a ready source of law for deciding claims of coemployee immunity. It also protects a coemployee to the same degree as the employer from common law liability for the coemployee's negligence, thereby not leaving the coemployee standing alone to face a common law claim. This protection for the coemployee is part of the exchange for the employee's surrender of common law rights.

In what we have just said, we have expressed no disagreement with what the Appeals Court stated on the same subject (except for our emphasis that the phrase "course of employment" should be used and not "scope of employment"). In fact, we agree with the Appeals Court on a number of points: (1) the plaintiff, as a matter of law, was injured in the course of his employment in his employer's parking lot as he was leaving work, *Mulford* v. *Mangano, supra* at 801; (2) the question in this case is whether the defendant Mangano was acting in the course of his employment, *id.* at 801-802; (3) in deciding that question "[i]t is enough if he is upon his employer's premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment," *id.* at 802, quoting *Souza's Case,* 316 Mass. 332, 335 (1944); (4) if Mangano had gone to his place of employment solely to watch a basketball game and he did only that, he would not have qualified for coemployee immunity, *id.*; and (5) if he had been there solely with the bona fide and reasonable job-related purpose of upgrading his job skills and his employer knowing of it did not discourage such activity, he would have been acting within the course of his employment and entitled to coemployee immunity, *id.* at 803.

The issue here is what to do when it appears that there may have been or were two purposes, one that would make the injury compensable and one that would not. "While an employee may have more than one motive for performing an act, as long as one significant purpose is related to the employment the employee will be considered to be acting in the course of her employment." *Mendes* v. *Tin Kee Ng, supra* at 134-135. See Locke, *supra* at § 247. The question then becomes what proof is required to demonstrate that the job-related purpose was a "significant" one. The Appeals Court's opinion correctly did not say that, where an employee acts for two purposes, one that would make the injury compensable and another that would not, the employee's testimony is controlling as to whether a particular purpose was or was not a significant reason for his action. See *Mulford* v. *Mangano, supra* at 803-804. Such an exclusively subjective source for determining the presence or absence of a job-related purpose for an employee's action would be inappropriate. It would involve a difficult factual inquiry and might well be unreliable because circumstances may tend to lead the employee to opt for the answer, which, in an after-the-fact assessment, appears more likely to benefit him financially. We thus reject any test that looks solely to an employee's state of mind to see if the job-related purpose was so significant that he would have acted on that motive even if the private purpose had not existed. If we were to adopt such a test, summary judgment in this case would likely be inappropriate in any event because Mangano's motive, intent, or state of mind and his credibility would be the major issues. See *Flesner* v. *Technical Communications Corp.*, 410 Mass. 805, 809 (1991), and cases cited.

We favor a more objective test which assesses what the employee did and other facts in order to determine whether he acted at least in part for a job-related purpose. See *Mandell's Case*, 322 Mass. 328, 330 (1948). An employee's state of mind at the time he acted is relevant, but, as we have said, it is not controlling. In determining whether Mangano was acting in the course of his employment, evidence of what he

did at the restaurant that night and at any other time concerning the learning of the cashing-out process would be relevant. We agree with the Appeals Court that the employer's encouragement or discouragement, if any, of employees' attempts to learn the cashing-out process and other similar job skills bears on the question whether the defendant was acting in the course of his employment. *Mulford* v. *Mangano, supra* at 803. What employees knew about management's attitude toward such training would also be relevant.

The absence of any evidence of what Mangano actually did that night and had done previously concerning the cashing-out process and the absence of evidence of his employer's attitude toward such job-skills training make the award of summary judgment inappropriate. Mangano's uncontroverted testimony that one of his reasons for going to the restaurant that evening was job related, although relevant to the question, does not establish for summary judgment purposes that his job-related purpose was a significant reason for his presence at the restaurant. Objective evidence might warrant a contrary finding, and the summary judgment record does not foreclose the possibility that objective evidence would do so. Hence, because there is a genuine issue of material fact on the question whether he was acting within the course of his employment, Mangano was not entitled to summary judgment.

*Judgment reversed.*

O'CONNOR, J. (concurring). The plaintiff and the defendant were employed at a Papa Gino's restaurant. The defendant was employed as a cook. When the plaintiff was injured in the restaurant parking lot, the defendant was also in the lot. However, the defendant had not been scheduled to work and had not worked that day. Instead, according to his deposition testimony, his reasons for being at the restaurant were to watch television and to observe the cashing-out procedure followed by the restaurant managers. His purpose in observ-

ing the cashing-out procedure was to gain knowledge that might help him to become a manager some day.

I agree with the court that the defendant is not entitled to summary judgment and that the judgment must be reversed. The defendant's purpose for being at the restaurant when the plaintiff was injured is an essential component of his coemployee immunity defense, and the plaintiff cannot properly be foreclosed from litigating that matter. As the Appeals Court said, 35 Mass. App. Ct. 800, 804 (1994), "Where a party's motive or state of mind is at issue, summary judgment is rarely appropriate."

I write separately only to express my disagreement with the court in one important respect. The court states its agreement with the Appeals Court that, if the defendant had been on the restaurant property "solely with the bona fide and reasonable job-related purpose of upgrading his job skills and his employer knowing of it did not discourage such activity, he would have been acting within the course of his employment and entitled to coemployee immunity." *Ante* at 411. It is obvious from the context that the "job-related purpose of upgrading his job skills" to which the court refers is the defendant's objective of acquiring familiarity with a managerial job, a job other than the one he was employed to do. There is, of course, no suggestion by anyone that the defendant's objective also was to upgrade his cooking skills. It is clear, then, that the court is of the view that an employee, who goes onto his employer's property for the sole purpose of preparing himself for a job which he has not been employed to do, is acting in the course of his employment for workers' compensation benefit purposes, in addition to coemployee immunity purposes, if his employer failed to discourage the practice after learning of it. The result is that an employee who is injured in such circumstances may be entitled to workers' compensation benefits despite the fact that the employee was serving his own interests and none of his employer's.

I would agree that an employee, who goes onto his employer's property with his employer's permission to make observations for the purpose of improving his performance of

the job he was employed to do, would be acting in the course of his employment. I would agree, too, that an employee, who acts in response to his employer's express or implicit encouragement to go onto the property to acquire information about other jobs, would be acting in the course of his employment. It is a very different proposition, however, and one with which I do not agree, to say that an employee acts in the course of his employment if he goes onto his employer's property to serve an interest of the employee alone and the employer, aware of the employee's interest but not sharing it, fails to discourage that conduct. The court cites no case, and I am aware of none, that supports such an unfair proposition.

The defendant's deposition testimony establishes, favorably to the plaintiff, that neither of the defendant's purposes for being on his employer's property was related to cooking, which was the job he was employed to do. Furthermore, the defendant has not established for summary judgment purposes that he was explicitly or implicitly encouraged by his employer to be on the employer's premises to observe cashing-out procedures. In my view, that is a second reason why the summary judgment for the defendant that was entered in the Superior Court should be reversed.