Butler, J.
This matter is before the court on the motion of defendant Patricia Trimble to dismiss the complaint of plaintiff Stephanie Button pursuant to Mass.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiff, who suffered injuries as the result of a non-consensual touching by defendant at the parties’ place of employment, has filed a cross motion for summary judgment.[1] The defendant contends that the plaintiffs common law claim is barred by the exclusivity provisions of the Workers’ Compensation Act, G.L.c. 152, §24 (“the Act”). For reasons set forth below, the defendant’s motion to dismiss is DENIED and plaintiffs motion for summary judgment is DENIED.

BACKGROUND

At the time of her injuries, the plaintiff and the defendant worked at CliniTech Services in Worcester. On September 27, 1995, the defendant walked by the plaintiffs cubicle to deliver blood specimens to a laboratory. The defendant said hello to the plaintiff, who was sitting at her cubicle, but the plaintiff did not respond. Returning some time later, the defendant again greeted the plaintiff, who again failed to respond. The defendant then touched the plaintiff on the shoulder,[2] and the plaintiff fell to the floor, suffering injuries. The defendant acknowledges that the touching was intentional and has presented no evidence that the touching was either consensual or justified. She argues, however, that plaintiffs battery claim is barred by the exclusivity provision of the Act because her conduct and plaintiffs injuries occurred in the course of employment.

DISCUSSION

(i) Exclusivity Provision of the Workers’ Compensation Act; Co-employee Immunity
. The Act ensures that employees who give up their . common law right to sue their employers have a mechanism to be reimbursed for employment-related injuries “regardless of fault or foreseeability.” Brown v. Nutter, McClennen & Fish, 45 Mass.App.Ct. 212, 216 (1998) (quoting Neff v. Commissioner of Dept. of Indus. Accidents., 421 Mass. 70, 75 (1995)).[3] The exclusivity provision of the Act, G.L.c. 152, §24, bars employees who are injured on the job from bringing civil lawsuits against their employers. Brown, 45 Mass.App.Ct. at 216. The Act also provides the exclusive remedy against co-employees who engage in tortious conduct when that conduct occurs in the course of employment in furtherance of the employer’s interest. O’Connell v. Chasdi, 400 Mass. 686, 690-91 (1987); Fusaro v. Blakely, 40 Mass.App.Ct. 120, 123 (1996).
The Act does not, however immunize employees from liability for intentional tortious acts against co-employees when the tortious act is outside the scope[4] of employment or not in furtherance of the employer’s interest. O’Connell, 400 Mass, at 690-91. Generally, “liability for intentional torts is not part of the circumstances of employment. . . Such intentional torts are not an accepted risk of doing business.” See O'Connell, supra at 690-91. Therefore, G.L.c. 152, §24 does not immunize this defendant from liability if the alleged tortious conduct did not fall within the course of employment or further the interests of CliniTech.
In a similar factual situation, the Court found intentional tortious conduct “in no way within the scope of employment furthering the interest of the employer.” O’Connell v. Chasdi, supra, 400 Mass. at 689. In O’Connell, the defendant Chasdi was the director of an educational institute and O’Connell was his assistant. During a business trip, Chasdi engaged in a series of unwanted sexual advances toward and inappropriate touching of O’Connell. Although this conduct occurred in the course of employment, the Court held that the tortious acts committed by Chasdi — assault and battery and intentional infliction of emotional distress — "were not remotely related to the employer’s interests." Id. at 690 n. 5. The Court explicitly stated that it did “not think that the right to commit such acts with impunity was part of the *166 general compromise of rights involved in the [A]ct.” Id. at 691.
In a similar case, a legal secretary brought an action for intentional infliction of emotional distress against her employer law firm and one of its attorneys, who forced her to forge his wife’s name on personal documents. Brown v. Nutter, McClennen & Fish, supra, 45 Mass.App.Ct. at 216. In that case, the court held that the exclusivity clause barred plaintiffs action against her employer,[5] but did not automatically immunize the individual attorney from liability for an intentional tort that was “not remotely related to the employer’s interests.” Id., quoting O’Connell v. Chasdi, supra, 400 Mass. at 691.
Defendant relies on Anzalone v. Massachusetts Bay Transp. Authy., 403 Mass. 119, 526 N.E.2d 246 (1988), and Fusaro v. Blakely, 40 Mass.App.Ct. 1120, 1123 (1996), which are both distinguishable from the facts here. In Anzalone, an employee police officer alleged that his supervisor intentionally harassed him and unfairly assigned him to perform menial jobs in an unventilated room. The Court upheld the dismissal of the complaint because the supervisor’s conduct “related wholly to [his] position as the plaintiffs supervisor and to the manner in which [he] exercised his supervisory duties.” Anzalone at 125.
Similarly, in Fusaro, an employee sued two co-employee campus police officers for overzealous interrogation during a campus drug investigation. The case went to trial, resulting in a verdict for the plaintiff. On appeal, the Court held that the co-employees were acting in furtherance of their employer’s interest in the drug investigation and “[hjowever distorted [their] understanding of the proper performance of their duties may have been, we cannot say that they were acting outside the scope of their employment.” Fusaro at 124.
It cannot be said at this stage of the litigation that the defendant’s battery occurred only in the course of her employment. See Mulford v. Mangano, 418 Mass. 407, 410 (1994) (defendant is acting in course of employment when he is upon his employer’s premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment). Id., at 411 (emphasis added). Here, defendant offers scant evidence that the intentional touching was in any way related to defendant’s task of delivering the blood work to the laboratory, or in furtherance of the employer’s interest. In fact, the non-consensual touching distracted the plaintiff from her work and caused commotion within the workplace.[6] As a result, the plaintiffs battery claim is not barred by the exclusivity provision of G.L.c. 152, §24, and the defendant’s motion to dismiss for lack of subject matter jurisdiction must be denied.
(ii) The Plaintiffs Cross Motion for Summary Judgment
Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Allstate Insurance Co. v. Reynolds, 43 Mass.App.Ct. 927, 929 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991); Cassesso v. Commission of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Id., 404 Mass. at 17.
Here, there are disputed questions of material fact as to whether the defendant committed a civil battery. The defendant apparently touched the plaintiff without consent, causing the plaintiff to fall from her chair and suffer serious bodily injury to her neck and spine. “An actor is subject to another individual for battery if [a] he acts intending to cause a harmful or offensive contact with the person of the other . . . and [b] a harmful contact with the person of the other directly or indirectly results.” Waters v. Blackshear, 412 Mass. 589, 591 (1992). Here, defendant has acknowledged that she intentionally touched the plaintiffs person. At her deposition, the defendant testified that she touched the plaintiff on her shoulder, startling her and causing her to fall to the floor. However, a battery may be justified. The fact-finder should be presented with evidence to decide the exact nature of the touching, and whether under all of the circumstances, the touching was either impliedly consensual or justified. Where there are such facts in dispute as to the elements of a civil battery, plaintiff is not entitled to summary judgment.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendant’s motion to dismiss is DENIED and plaintiffs motion for summary judgment is DENIED as to liability on the battery claim.

 Because matters outside the pleadings have been presented to and considered by the court, the court treats this as a summary judgment motion pursuant to Mass.R.Civ.P. 56.

 The parties dispute the exact nature of the touching. The full extent and exact nature of the touching is not material to this discussion, however, given that all the elements of a battery are present, as discussed below.

 G.L.c. 152, §24 (1998 ex. & Supp. 2000) provides in pertinent part:
An employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right, or, if the contract of hire was made before the employer became an insured person or self-insurer, if the employee shall not have given the said notice within thirty days of the time said employer became an insured person or self insurer . . .

 At oral argument, the parties spent considerable time and effort discussing whether this court should apply the “course” or “scope” of employment test to determine whether a co-employee is immune from liability under G.L.c. 152 et seq. This court follows the majority rule providing tort immunity for co-employees, and applies the “course of employment” standard. Mulford v. Mangano, 418 Mass. 407, 409-10 (1994).

 In Doe v. Purity Supreme, 422 Mass. 563, 566 (1996), the action was also against the employer, not the co-employee who had allegedly performed the tortious act.

 The defendant's actions may also have violated the employer’s policy against physical harassment as contained in the employer’s Policy and Procedure Manual.