Murphy, J.
The plaintiff, Robert W. Smith (“Smith”) brought this action against defendant, Henry J. LeBoeuf, Jr. (“LeBoeuf’) for damages suffered when he was struck by LeBoeuf s car. The matter is before the Court on LeBoeuf s motion for summary judgment based on his contention that G.L.c. 152, §15 bars Smith’s claims. For the reasons detailed below, LeBoeufs motion for summary judgment is ALLOWED.
BACKGROUND
Smith and LeBoeuf were Raytheon employees at all relevant times. Both worked at Raytheon’s facility in Marlborough, MA on September 21, 2000. Smith arrived first and parked his car in a parking lot used by Raytheon employees. As Smith was walking to his work station he was struck by an automobile owned and operated by LeBoeuf. Smith applied for workers’ compensation benefits claiming that he was injured in the course of his employment with Raytheon. Raytheon, a self-insurer, acceptéd the claim and paid benefits to Smith.
The parties agree that they are co-employees both working for Raytheon. They take issue with whether the injuries took place during the course of Smith’s employment. LeBoeuf asserts that since the parking lot was within Raytheon’s exclusive control Smith had arrived for work and was in the course of his employment when the accident occurred. Smith, despite having accepted the workers’ compensation benefits, now contends he was never entitled to them since the parking lot where the accident occurred was not within Raytheon’s exclusive control. Alternatively, Smith claims that LeBoeuf s failure to produce a deed, lease or any other document establishing Raytheon’s rights in the parking lot raises a genuine issue of material fact sufficient to preclude summary judgment.
DISCUSSION
“Summary judgment is granted where there are no issues of genuine material fact, and the moving party is entitled to judgment as a matter.” Ng Brothers Construction, Inc. v. Cranney, 436 Mass. 638, 643-44 (2002). The moving party bears the burden of affirmatively demonstrating that there are no triable issues of fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Even in cases where factual disputes exist, summary judgment is “still available if the party with the burden of proof at trial fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a funding in its favor.” Ng Brothers Construction, Inc., 436 Mass. at 644, citing White v. University of Mass. at Boston, 410 Mass. 553, 557 (1991). Under those circumstances, a trial would not serve any useful purpose and summary judgment may enter. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 715 (1991).
The operation of G.L.c. 152, § 15 allows an employee injured while on the job to bring an action for damages *711 against anyone other than “the insured person employing such employee and liable for payment of the compensation provided by this chapter . . . and said insured person’s employees.” G.L.c. 152, §15. In addition, Massachusetts case law establishes that employees are covered under workers’ compensation “for injuries sustained after arriving on the premises before work, or waiting to leave after work.” Mendes v. Tin Kee Ng, 400 Mass. 131, 134 (1987), quoting L. Locke, Workmen’s Compensation §237 (1981). Co-employee immunity applies when the injuries are inflicted by an employee’s fellow workers so long as the injured party is acting within the course of his employment. Mulford v. Mangano, 418 Mass. 407, 411 (1994). A person in these circumstances is acting within the course of his employment so long at least one significant purpose for their actions was to benefit his employer. Mulford, 418 Mass. at 412. Since Smith was in the parking lot on his way to report for work, the Court concludes that he was within the course of his employment when the accident occurred.
The remaining question is whether the accident occurred on the employer’s premises. An employer’s premises is defined as an area the employer owns or controls. Comeau v. Hebert, 352 Mass. 634, 635 (1967). Smith’s contention that the failure to produce a document proving Raytheon’s ownership or control of the parking lot controls the issue for summary judgment purposes is unavailing. In circumstances such as the instant case where Workman’s Compensation benefits have been accepted by the Plaintiff, the Court concludes that Smith bears the burden of establishing that the ostensible control over the parking lot — which Smith does not seriously dispute is that of Raytheon — is somehow not in fact actual control. Smith has not done that; and, on the record of this Motion, where both parties were parking in this lot regularly to go to work at Raytheon, where deposition testimony from Raytheon agents is uniform that Raytheon in fact controlled the parking lot, it is highly unlikely that another controlling agent will step forward further into the case.
ORDER
For the foregoing reasons, defendant Henry J. LeBoeuf s motion for summaryjudgment is ALLOWED.